DERICK E. KONZ, No. 286902
dkonz@akk-law.com
WILLIAM J. BITTNER, No. 292056
wbittner@akk-law.com
**ANGELO, KILDAY & KILDUFF, LLP**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA  95825
Telephone:  (916) 564-6100
Telecopier:  (916) 564-6263

Attorneys for Defendant CITY OF MT. SHASTA and JEREMIAH CAPURRO
**PUBLIC ENTITY, FILING FEES WAIVED PURSUANT TO GOV'T CODE §6103**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA DETWEILER,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>CITY OF MT. SHASTA,<br><br>　　　　　　Defendants. | Case No.: 2-24-CV-03100-SCR<br><br>**DEFENDANTS CITY OF MT. SHASTA AND OFFICER JEREMIAH CAPURRO'S ANSWER TO COMPLAINT** |

Defendants CITY OF MT. SHASTA and JEREMIAH CAPURRO submit the following answer to Plaintiff's Complaint (ECF No. 1).  Defendants generally deny all allegations except those specifically admitted.  Each paragraph number in this answer corresponds to the paragraph number in the Complaint.

　　　　1.　　Admit that jurisdiction and venue are proper.

　　　　2.　　Admit that jurisdiction and venue are proper.

　　　　3.　　The introduction requires no response.  Deny any unlawful conduct.

　　　　4.　　The introduction requires no response. Deny any unlawful conduct.

　　　　5.　　Defendants are without sufficient knowledge or information to admit or deny and

on that basis deny.

6. Defendants are without sufficient knowledge or information to admit or deny and on that basis deny.

7. To the extent that this allegation contains legal conclusions, no response is required or provided.  Otherwise, admit that the City is a public entity, that the Mt. Shasta Police Department is a division of the entity, and that the City was the employer of Officer Capurro at the time of the incident.

8. To the extent that this allegation contains legal conclusions, no response is required or provided. Otherwise, admit that Officer Capurro was acting in the course and scope of employment and under color of law at the time of the incident.

9. Defendants are without sufficient knowledge or information to admit or deny and on that basis deny.

10. Defendants are without sufficient knowledge or information to admit or deny and on that basis deny.

11. Defendants are without sufficient knowledge or information to admit or deny and on that basis deny.

12. Deny.

13. Defendants are without sufficient knowledge or information to admit or deny and on that basis deny.

14. Defendants are without sufficient knowledge or information to admit or deny and on that basis deny.

15. Defendants are without sufficient knowledge or information to admit or deny and on that basis deny.

16. To the extent that this allegation contains legal conclusions, no response is required or provided.

17. To the extent that this allegation contains legal conclusions, no response is required or provided. Otherwise, admit that Officer Capurro was acting in the course and scope of employment at the time of the incident.

18. Defendants incorporate all prior corresponding responses hereto.

19. Defendants are without sufficient knowledge or information to admit or deny and on that basis deny.

20. Admit.

21. Admit that Officer Capurro contacted Mr. Detweiler who was seated. Defendants are without sufficient knowledge or information to admit or deny whether Mr. Detweiler was sleeping when he was contacted.

22. Admit that Officer Capurro shined a flashlight on Mr. Detweiler, announced that he was a police officer, told Mr. Detweiler to keep his hands up, turn around, and not touch anything. Mr. Detweiler refused to obey these lawful orders. Admit that Officer Capurro attempted to prevent Mr. Detweiler from possessing a bag while Officer Capurro attempted to investigate the reported crime. Deny any remaining allegations.

23. Admit that Officer Capurro discharged his taser. Defendants are without sufficient knowledge or information to admit or deny whether the taser struck Mr. Detweiler. Deny that it was without justification. Deny any remaining allegations.

24. Admit that Mr. Garrett grabbed Mr. Detweiler from behind and that Officer Capurro discharged his taser again. Deny any remaining allegations.

25. Admit that Officer Capurro attempted to strike Mr. Detweiler with his police baton. Deny the remaining allegatins.

26. Deny that Mr. Detweiler was restrained. Defendants are without sufficient knowledge or information to admit or deny the remaining allegations.

27. Deny that Mr. Detweiler was restrained. Admit that Mr. Detweiler put brass knuckles on his right hand and attempted to strike Mr. Garrett. Admit that Officer Capurro discharged his firearm, striking Mr. Detweiler.

28. Deny.

29. Deny.

30. Deny.

31. Deny.

1  32. Deny.

2  33. Deny.

3  34. Defendants are without sufficient knowledge or information to admit or deny and
4  on that basis deny.

5  35. Deny.

6  36. Admit that Mr. Detweiler was not armed with a firearm. Deny that he did not
7  possess any other deadly weapon.

8  37. Deny.

9  38. Admit.

10  39. Defendants are without sufficient knowledge or information to admit or deny and
11  on that basis deny.

12  40. To the extent that this allegation contains legal conclusions, no response is required
13  or provided. Admit that claims were submitted on June 4, 2024 and were denied by operation of
14  law.

15  41. Defendants incorporate all prior corresponding responses hereto.

16  42. Deny.

17  43. Deny.

18  44. Deny.

19  45. Deny.

20  46. Deny.

21  47. Deny.

22  48. Deny.

23  49. Admit that Plaintiff brings claims and seeks damages. Deny unlawful conduct by
24  Defendants.

25  50. Admit that Plaintiff seeks attorney's fees.

26  51. Defendants incorporate all prior corresponding responses hereto.

27  52. Admit that Officer Capurro attempted to seize Mr. Detweiler, eventually utilized
28  his taser, baton and firearm, and handcuffed Mr. Detweiler. Deny the remaining allegations.

1    53.   Deny.
2    54.   Deny.
3    55.   Deny.
4    56.   Admit.
5    57.   Deny.
6    58.   Deny.
7    59.   Deny.
8    60.   Admit that Plaintiff brings claims and seeks damages.  Deny unlawful conduct by
9    Defendants.
10   61.   Admit that Plaintiff seeks attorney's fees.
11   62.   Defendants incorporate all prior corresponding responses hereto.
12   63.   Deny.
13   64.   Deny.
14   65.   Deny.
15   66.   Deny.
16   67.   Deny.
17   68.   Deny.
18   69.   Admit that Plaintiff brings claims and seeks damages.  Deny unlawful conduct by
19   Defendants.
20   70.   Admit that Plaintiff seeks attorney's fees.
21   71.   Defendants incorporate all prior corresponding responses hereto.
22   72.   This is a legal conclusion that requires no response.
23   73.   Deny.
24   74.   Deny.
25   75.   Deny.
26   76.   Deny.
27   77.   Deny.
28   78.   Admit that Plaintiff brings claims and seeks damages.  Deny unlawful conduct by

Defendants.

79. Admit that Plaintiff seeks attorney's fees.

80. Defendants incorporate all prior corresponding responses hereto.

81. To the extent this is a legal conclusion, no response is required. Otherwise, Defendants are without sufficient knowledge or information to admit or deny.

82. This is a legal conclusion for which no response is required.

83. This is a legal conclusion for which no response is required.

84. This is a legal conclusion for which no response is required.

85. Deny.

86. Deny.

87. Defendants are without sufficient knowledge or information to admit or deny.

88. Admit that Plaintiff brings claims and seeks damages. Deny unlawful conduct by Defendants.

89. Admit that Plaintiff seeks attorney's fees.

90. Defendants incorporate all prior corresponding responses hereto.

91. Admit that Officer Capurro used deadly force. Deny the remaining allegations.

92. This is a legal conclusion for which no response is required. Otherwise, admit that Officer Capurro was acting in the course and scope of employment.

93. Deny that Mr. Detweiler was physically restrained. Defendants are without sufficient knowledge or information to admit or deny any remaining allegations.

94. This is a legal conclusion for which no response is required.

95. Deny.

96. Deny.

97. Admit that Plaintiff brings claims and seeks damages. Deny unlawful conduct by Defendants.

98. Defendants incorporate all prior corresponding responses hereto.

99. Deny.

100. Deny.

1      101.    This is a legal conclusion for which no response is required.  Otherwise, admit that Officer Capurro was acting in the course and scope of employment.

102.    This is a legal conclusion for which no response is required.

103.    Admit that Plaintiff brings claims and seeks damages.  Deny unlawful conduct by Defendants.

104.    Defendants incorporate all prior corresponding responses hereto.

105.    This is a legal conclusion for which no response is required.

106.    This is a legal conclusion for which no response is required.

107.    This is a legal conclusion for which no response is required.

108.    Deny.

109.    Deny.

110.    Deny.

111.    Deny.

112.    Deny.

113.    Defendants are without sufficient knowledge or information to admit or deny.

114.    Deny.

115.    This is a legal conclusion for which no response is required.  Otherwise, admit that Officer Capurro was acting in the course and scope of employment.

116.    Deny.

117.    Admit that Plaintiff brings claims and seeks damages.  Deny unlawful conduct by Defendants.

118.    Admit that Plaintiff seeks attorney's fees.

## **AFFIRMATIVE DEFENSES**

Defendants allege the following separate and distinct affirmative defenses:

1.    Officer Capurro is entitled to qualified immunity as to the federal claims because there was no clearly established law at the time of this incident that prohibited Officer Capurro's use of force in response to Mr. Detweiler refusing to obey lawful commands and assaulting an officer and then Mr. Garrett with illegal brass knuckles.

2. Pursuant to provisions of the California Government Code §§ 815.2(b) and 820.2, Defendants are entitled to discretionary immunity as to the state-law claims alleging that Officer Capurro's decision to use a taser, baton and firearm were unlawful.

3. Pursuant to provisions of the California Government Code §§ 815.2(b) and 820.8, Defendants are entitled to immunity as to the state-law claims to the extent Mr. Detweiler was injured by the act or omission of other persons.

4. There is no state-law liability pursuant to Penal Code §§ 835 and 835a because Officer Capurro was attempting to make a lawful arrest and used reasonable force when Mr. Detweiler refused to comply with lawful commands and assaulted an officer and Mr. Garrett with brass knuckles.

5. Officer Capurro acted in self-defense and defense of others.

6. Plaintiffs did not comply with the California Government Claims Act prior to filing suit.

7. Mr. Detweiler assumed the risk of any injury and/or damages caused by his own conduct.

8. Mr. Detweiler and/or other third parties were contributorily negligent.

9. Plaintiff failed to mitigate damages.

10. Plaintiff failed to join all indispensable parties.

11. Plaintiff's claims for punitive or exemplary damages violate Defendants' right to procedural due process, substantive due process, and protection from "excessive" fines as guaranteed by the Fifth, Fourteenth, and Eighth Amendments to the United States Constitution, respectively, and the Constitution of the State of California.

**PRAYER**

Wherefore, Defendant requests the following relief:

1. That Plaintiff's Complaint be dismissed in its entirety without leave to amend and that Plaintiff take nothing by way of Complaint;

2. That Defendants be henceforth dismissed from this matter with prejudice;

3. That judgment be entered in favor of Defendants and against Plaintiff;

4. That Defendants be awarded attorney's fees and costs of suit incurred under and by virtue of the laws stated above; and

5. For such other and further relief as the Court deems just and proper.

Dated:  January 6, 2025                    ANGELO, KILDAY & KILDUFF, LLP

       */s/ Derick E. Konz*
By:_____
  DERICK KONZ
  WILLIAM J. BITTNER
  Attorneys for Defendants CITY OF MT.
  SHASTA and JEREMIAH CAPURRO

## DEMAND FOR JURY TRIAL

Defendants respectfully demands that all issues of fact be tried herein by and before a jury.

Dated:  January 6, 2025                    ANGELO, KILDAY & KILDUFF, LLP

       */s/ Derick E. Konz*
By:_____
  DERICK KONZ
  WILLIAM J. BITTNER
  Attorneys for Defendants CITY OF MT.
  SHASTA and JEREMIAH CAPURRO