Michael E. Murphy, Esq. (Bar #174408)
SIMS LAW FIRM, LLP
19712 MacArthur Boulevard, Suite 120
Irvine, California 92612
(949) 253-7900
(949) 253-7930 - FAX

Attorneys for Defendants NATIONAL RAILROAD PASSENGER
CORPORATION (service mark AMTRAK)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA DETWEILER, individually and as successor-in-interest to Nicholas Detweiler, deceased, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF MOUNT SHASTA; JEREMIAH CAPURRO; NATIONAL RAILROAD PASSENGER CORPORATION; BRUSE GARRETT; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: 2:24-cv-03100-WBS-SCR <br><br> **DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION SERVICE MARK AMTRAK'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> Complaint Filed:    November 7, 2024 <br> Trial Date: None |

Defendant NATIONAL RAILROAD PASSENGER CORPORATION, service mark AMTRAK, by and through its attorneys SIMS LAW FIRM, LLP, responds to Plaintiff JULIA DETWEILER's Complaint, for itself alone, as follows:

1.    This Defendant admits that jurisdiction and venue are proper.

2.    This Defendant admits that jurisdiction and venue are proper.

3.    The introduction requires no response. This Defendant denies any unlawful conduct.

///

-1-

4.    The introduction requires no response. This Defendant denies any unlawful conduct.

5.    This Defendant is without sufficient knowledge or information to admit or deny and on that basis denies the allegations.

6.    To the extent that this allegation contains legal conclusions, no response is required

or provided. Otherwise, this Defendant is without sufficient knowledge or information to admit or deny and on that basis denies the allegations.

7.    To the extent that this allegation contains legal conclusions, no response is required

or provided. Otherwise, this Defendant is without sufficient knowledge or information to admit or deny and on that basis denies the allegations.

8.    To the extent that this allegation contains legal conclusions, no response is required

or provided. Otherwise, this Defendant is without sufficient knowledge or information to admit or deny and on that basis denies the allegations.

9.    To the extent that this allegation contains legal conclusions, no response is required

or provided. Otherwise, this Defendant admits that NATIONAL RAILROAD PASSENGER CORPORATION, service mark AMTRAK, is a private company with 100% of its preferred stock owned by the federal government, organized and existing under the laws of the United States of America, doing business in California and in the County of Siskiyou, and that AMTRAK was the employer of BRUCE GARRETT at the time of the incident. Defendant denies all of the remaining allegations in this paragraph to the extent they are inconsistent with this answering paragraph.

10.    To the extent that this allegation contains legal conclusions, no response is required or provided. Otherwise, this Defendant admits that AMTRAK was the

**DEFENDANT NRPC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

employer of BRUCE GARRETT at the time of the incident. Defendant denies all of the remaining allegations in this paragraph to the extent they are inconsistent with this answering paragraph.

11.    To the extent that this allegation contains legal conclusions, no response is required or provided. Otherwise, this Defendant is without sufficient knowledge or information to admit or deny and on that basis denies the allegations.

12.    This Defendant is without sufficient knowledge or information to admit or deny and on that basis denies the allegations.

13.    This Defendant is without sufficient knowledge or information to admit or deny and on that basis denies the allegations.

14.    This Defendant is without sufficient knowledge or information to admit or deny and on that basis denies the allegations.

15.    This Defendant is without sufficient knowledge or information to admit or deny and on that basis denies the allegations.

16.    To the extent that this allegation contains legal conclusions, no response is required or provided. Otherwise, this Defendant denies the allegations.

17.    To the extent that this allegation contains legal conclusions, no response is required or provided. Otherwise, this Defendant admits that AMTRAK was the employer of BRUCE GARRETT at the time of the incident. Defendant denies all of the remaining allegations in this paragraph to the extent they are inconsistent with this answering paragraph.

18.    This Defendant incorporates by reference its responses above to paragraphs 1 through 17 of the complaint.

19.    This Defendant is without sufficient knowledge or information to determine at this time whether Nicholas Detweiler was a ticketed passenger at the

time of the incident, and alleges that Nicolas Detweiler violated the terms and conditions of service even if he originally held a ticket. Defendant admits that Nicholas Detweiler was on an AMTRAK train on December 25, 2023, and that BRUCE GARRETT was working on that train as a conductor. Defendant denies all of the remaining allegations in this paragraph to the extent they are inconsistent with this answering paragraph.

20.    This Defendant admits that police officer JEREMIAH CAPURRO boarded the train to respond to threats made by Nicholas Detweiler and Nicholas Detweiler's brandishing of a deadly weapon in the form of brass knuckles, and that BRUCE GARRETT led the police officer to the area where Nicholas Detweiler was seated in the train with his deadly weapon.

21.    This Defendant admits that after entering the railcar, police officer JEREMIAH CAPURRO contacted Nicholas Detweiler who was seated at the time with his deadly weapon. This Defendant is without sufficient knowledge or information to determine at this time whether Nicholas Detweiler was sleeping when the police officer contacted him.

22.    This Defendant admits that Officer Capurro shined a flashlight on Mr. Detweiler, announced that he was a police officer, told Mr. Detweiler to keep his hands up, turn around, and not touch anything. Mr. Detweiler refused to obey these lawful orders, insisted on picking up a plastic bag with contents next to him, refused to obey the police officers' order turn around and not to touch anything, then grabbed the police officer's taser. This Defendant admits that Officer Capurro attempted to prevent Mr. Detweiler from possessing a bag while Officer Capurro attempted to investigate the reported crime. Deny any remaining allegations.

23.    This Defendant admits that Officer Capurro's taser discharged, but is without sufficient  knowledge or information to determine at this time whether Officer Capurro discharged his taser or whether Mr. Detweiler discharged it when he

grabbed it with both hands. This Defendant is without sufficient knowledge or information to admit or deny whether the taser struck Mr. Detweiler. This Defendant denies that it was without justification. Defendant denies all of the remaining allegations in this paragraph to the extent they are inconsistent with this answering paragraph.

24.    This Defendant admits that BRUCE GARRETT attempted to come to the defense of Officer Capurro and attempted to assist him in restraining Mr. Detweiler, but denies that BRUCE GARRETT was successful in restraining Mr. Detweiler, who continued to act in a menacing manner and continued to refuse the police officer's orders.  This Defendant is without sufficient knowledge or information to admit or deny whether Officer Capurro discharged his taser at Mr. Detweiler a second and third time.

25.    This Defendant is without sufficient knowledge or information to admit or deny whether Officer Capurro struck Mr. Detweiler with his police baton and on that basis denies these allegations. This Defendant denies that Mr. Detweiler was restrained. Rather, a video of the incident shows Mr. Detweiler swung his left arm and gloved hand and punched Officer Capurro in the right side of Officer Capurro's head. This Defendant denies the remaining allegations.

26.    This Defendant denies that BRUCE GARRETT successfully restrained Mr. Detweiler and prevented him from leaving the train. This Defendant alleges that BRUCE GARRETT attempted to come to the assistance and defense of Officer Capurro when Mr. Detweiler refused numerous commands to get on the ground, then menacingly removed a glove from his right hand, and applied and brandished brass knuckles on his right hand in a threatening and menacing manner, before quickly turning, swinging at, and assaulting BRUCE GARRETT with the deadly weapon, knocking BRUCE GARRETT to the ground, and then choking BRUCE GARRETT in a headlock on the ground. If BRUCE GARRETT heard Officer Capurro telling Mr. Detweiler to exit the train, then he also would have heard Officer Capurro telling

Mr. Detweiler to turn around, not touch anything and to get on the ground, all of which Mr. Detweiler refused to peaceably do. This Defendant denies the remaining allegations.

27.    This Defendant denies these allegations and alleges that an authenticated video of the incident is directly contrary to these allegations. In fact, Plaintiff's and Plaintiff's counsel's "version of events is so utterly discredited by the record that no reasonable jury could . . . believe[] [them]." *Scott v. Harris* (2007) 550 U.S. 372, 380–381 [127 S.Ct. 1769, 1776, 167 L.Ed.2d 686]; see also, *Swigart v. Bruno* (2017) 13 Cal.App.5th 529, 534, fn. 4 ["To the extent that [Plaintiff's] witnesses' testimony was inconsistent with the video, we do not consider such inconsistency a disputed fact and have relied on the evidence in the video."] This Defendant denies that BRUCE GARRETT successfully restrained Mr. Detweiler. Defendant alleges that after Mr. Detweiler refused numerous commands to put his hands up, turn around, drop a bag, get on the ground, then menacingly removed a glove from his right hand, and applied and brandished brass knuckles on his right hand in a threatening and menacing manner, and then quickly turned, leaned into, swung at, and assaulted BRUCE GARRETT with a deadly weapon, knocked BRUCE GARRETT to the ground, and then choked BRUCE GARRETT in a headlock on the ground, Officer Capurro discharged his firearm at Mr. Detweiler. Plaintiff and Plaintiff's counsel are on notice of Federal Rule of Civil Procedure 11, which prohibits frivolous and unwarranted contentions in litigation and allows courts to sanction attorneys for violations, which this Defendant intends to pursue.

28.    This Defendant denies these allegations, which are directly contradicted by an authenticated video of the incident. This Defendant incorporates its response to paragraph 27 by reference.

29.    This Defendant denies these allegations, which are directly contradicted by an authenticated video of the incident. This Defendant incorporates its response to paragraph 27 by reference.

30.    This Defendant denies these allegations, which are directly contradicted by an authenticated video of the incident. This Defendant incorporates its response to paragraph 27 by reference.

31.    This Defendant denies these allegations, which are directly contradicted by an authenticated video of the incident. This Defendant incorporates its response to paragraph 27 by reference.

32.    This Defendant denies these allegations, which are directly contradicted by an authenticated video of the incident. This Defendant incorporates its response to paragraph 27 by reference.

33.    This Defendant denies these allegations, which are directly contradicted by an authenticated video of the incident. This Defendant incorporates its response to paragraph 27 by reference.

34.    This Defendant denies these allegations.

35.    This Defendant denies these allegations, which are directly contradicted by an authenticated video of the incident. This Defendant incorporates its response to paragraph 27 by reference.

36.    This Defendant admit that Mr. Detweiler did not brandish a firearm. However, he brandished a deadly weapon in the form of brass knuckles, and applied them to his right hand in the presence of Officer Capurro, then used them on BRUCE GARRETT in the police officer's presence, after refusing to cooperate with the police officer's commands.

37.    This Defendant denies these allegations.

38.    This Defendant admits that Mr. Detweiler died as a result of his assault with a deadly weapon on BRUCE GARRETT and subsequent injuries.

39.    This Defendant is without sufficient knowledge or information to admit or deny these allegations and on that basis denies them.

40.    This Defendant is without sufficient knowledge or information to admit or deny these allegations and on that basis denies them.

41.     This Defendant incorporates by reference its responses above to paragraphs 1 through 40 of the complaint.

42.     This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant denies the allegations.

43.     This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant denies the allegations.

44.     This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant denies the allegations.

45.     This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant denies the allegations.

46.     This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant denies the allegations.

47.     This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant denies the allegations.

48.     This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant denies the allegations.

49.     This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant denies the allegations other than the allegation that Plaintiff brings claims and seeks damages.

///
///

50.     This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant admits that Plaintiff seeks attorney's fees and costs, but denies that Plaintiff is entitled to them.

51.     This Defendant incorporates by reference its responses above to paragraphs 1 through 50 of the complaint.

52.     This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant is without sufficient knowledge or information to admit or deny these allegations and on that basis denies them.

53.     This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant is without sufficient knowledge or information to admit or deny these allegations and on that basis denies them.

54.     This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant is without sufficient knowledge or information to admit or deny these allegations and on that basis denies them.

55.     This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant is without sufficient knowledge or information to admit or deny these allegations and on that basis denies them.

56.     This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant admits the allegations.

57.     This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant denies the allegations.

///

**DEFENDANT NRPC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

58.    This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant denies the allegations.

59.    This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant denies the allegations.

60.    This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant denies the allegations other than the allegation that Plaintiff brings claims and seeks damages.

61.    This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant admits that Plaintiff seeks attorney's fees and costs, but denies that Plaintiff is entitled to them.

62.    This Defendant incorporates by reference its responses above to paragraphs 1 through 61 of the complaint.

63.    This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant is without sufficient knowledge or information to admit or deny these allegations and on that basis denies them.

64.    This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant is without sufficient knowledge or information to admit or deny these allegations and on that basis denies them.

65.    This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant is without sufficient knowledge or information to admit or deny these allegations and on that basis denies them.

66.    This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant is without

sufficient knowledge or information to admit or deny these allegations and on that basis denies them.

67.    This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant denies the allegations.

68.    This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant denies the allegations.

69.    This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant denies the allegations other than the allegation that Plaintiff brings claims and seeks damages.

70.    This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant admits that Plaintiff seeks attorney's fees and costs, but denies that Plaintiff is entitled to them.

71.    This Defendant incorporates by reference its responses above to paragraphs 1 through 70 of the complaint.

72.    This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant is without sufficient knowledge or information to admit or deny these allegations and on that basis denies them.

73.    This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant denies the allegations.

74.    This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant denies the allegations.

///
///

**DEFENDANT NRPC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

75.     This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant denies the allegations.

76.     This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant denies the allegations.

77.     This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant denies the allegations.

78.     This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant denies the allegations other than the allegation that Plaintiff brings claims and seeks damages.

79.     This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant admits that Plaintiff seeks attorney's fees and costs, but denies that Plaintiff is entitled to them.

80.     This Defendant incorporates by reference its responses above to paragraphs 1 through 79 of the complaint.

81.     This Defendant is without sufficient knowledge or information to admit or deny these allegations and on that basis denies them. Defendant alleges that it was unaware of Mr. Detweiler's claimed status as a "qualified individual" with a mental impairment or alleged inability to care for himself or control his mental health condition, if any such impairment, inability, or lack of control existed.

82.     To the extent that this allegation contains legal conclusions, no response is required
or provided. The parts of this paragraph pertaining to the CITY contain no charging allegations against this Defendant, so they require no response or answer. Otherwise, this Defendant admits that 42 U.S.C. 12131(1)(C) applies to AMTRAK.

///

83.    To the extent that this allegation contains legal conclusions, no response is required or provided. The parts of this paragraph pertaining to the CITY contain no charging allegations against this Defendant, so they require no response or answer. Otherwise, this Defendant denies that this is a correct statement of the law and it is without any citation otherwise.

84.    To the extent that this allegation contains legal conclusions, no response is required or provided. The parts of this paragraph pertaining to the CITY contain no charging allegations against this Defendant, so they require no response or answer. Otherwise, this Defendant denies that this is a correct statement of the law and it is without any citation otherwise.

85.    The parts of this paragraph pertaining to the CITY contain no charging allegations against this Defendant, so they require no response or answer. Otherwise, this Defendant denies these allegations.

86.    The parts of this paragraph pertaining to the CITY contain no charging allegations against this Defendant, so they require no response or answer. Otherwise, this Defendant denies these allegations.

87.    Deny.

88.    This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant denies the allegations other than the allegation that Plaintiff brings claims and seeks damages.

89.    This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant admits that Plaintiff seeks attorney's fees and costs, but denies that Plaintiff is entitled to them.

90.    This Defendant incorporates by reference its responses above to paragraphs 1 through 89 of the complaint.

///

DEFENDANT NRPC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

91.    The parts of this paragraph pertaining to officer JEREMIAH CAPURRO and the CITY contain no charging allegations against this Defendant, so they require no response or answer. Otherwise, this Defendant denies these allegations other than the allegation that officer CAPURRO used deadly force.

92.    To the extent that this allegation contains legal conclusions, no response is required

or provided. The parts of this paragraph pertaining to the CITY contain no charging allegations against this Defendant, so they require no response or answer. Otherwise, this Defendant admits that these allegations contain a reasonably accurate statement of Government Code section 815.2(a).

93.    This Defendant admits that BRUCE GARRETT was in the course and scope of his employment at the time of the incident, and that he attempted to come to the defense of Officer Capurro and attempted to assist him in restraining Mr. Detweiler, but denies that BRUCE GARRETT was successful in restraining Mr. Detweiler, who continued to act in a menacing manner and continued to refuse the police officer's orders. This Defendant denies that BRUCE GARRETT restrained Mr. Detweiler when Officer CAPURRO discharged his firearm. Rather, Defendant alleges that after Mr. Detweiler refused numerous commands to get on the ground, then menacingly removed a glove from his right hand, and applied and brandished brass knuckles on his right hand in a threatening and menacing manner, and then quickly turned, leaned into, swung at, and assaulted BRUCE GARRETT with a deadly weapon, knocked BRUCE GARRETT to the ground, and then choked BRUCE GARRETT in a headlock on the ground, Officer Capurro discharged his firearm at Mr. Detweiler.  Defendant denies all of the remaining allegations in this paragraph to the extent they are inconsistent with this answering paragraph.

94.    To the extent that this allegation contains legal conclusions, no response is required or provided. Otherwise, this Defendant denies these allegations.

95.    Deny.

96.     Deny.

97.     This Defendant denies the allegations other than the allegation that Plaintiff brings claims and seeks damages.

98.     This Defendant incorporates by reference its responses above to paragraphs 1 through 97 of the complaint.

99.     Deny.

100.    Deny.

101.    To the extent that this allegation contains legal conclusions, no response is required or provided. The parts of this paragraph pertaining to the CITY contain no charging allegations against this Defendant, so they require no response or answer. Otherwise, this Defendant admits that these allegations contain a reasonably accurate statement of Government Code section 815.2(a).

102.    To the extent that this allegation contains legal conclusions, no response is required or provided. Otherwise, this Defendant denies these allegations.

103.    This Defendant denies the allegations other than the allegation that Plaintiff brings claims and seeks damages.

104.    This Defendant incorporates by reference its responses above to paragraphs 1 through 103 of the complaint.

105.    This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. To the extent that this allegation contains legal conclusions, no response is required or provided. Otherwise, this Defendant admits that these allegations contain a reasonably accurate statement of California Civil Code section 52.1.

106.    This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. To the extent that this allegation contains legal conclusions, no response is required or provided. Otherwise, this Defendant admits

1  that these allegations contain a reasonably accurate statement of California Civil
2  Code section 52.1.

3      107.    This paragraph contains no charging allegations against this Defendant,
4  so it requires no response or answer. To the extent that this allegation contains legal
5  conclusions, no response is required or provided. Otherwise, this Defendant admits
6  that these allegations contain a reasonably accurate statement of California Civil
7  Code section 52.1.

8      108.    This paragraph contains no charging allegations against this Defendant,
9  so it requires no response or answer. To the extent that this allegation contains legal
10  conclusions, no response is required or provided. Otherwise, this Defendant denies
11  the allegations.

12      109.    This paragraph contains no charging allegations against this Defendant,
13  so it requires no response or answer. To the extent that this allegation contains legal
14  conclusions, no response is required or provided. Otherwise, this Defendant denies
15  the allegations.

16      110.    This paragraph contains no charging allegations against this Defendant,
17  so it requires no response or answer. To the extent that this allegation contains legal
18  conclusions, no response is required or provided. Otherwise, this Defendant denies
19  the allegations.

20      111.    This paragraph contains no charging allegations against this Defendant,
21  so it requires no response or answer. Otherwise, this Defendant denies the
22  allegations.

23      112.    This paragraph contains no charging allegations against this Defendant,
24  so it requires no response or answer. Otherwise, this Defendant denies the
25  allegations.

26      113.    This paragraph contains no charging allegations against this Defendant,
27  so it requires no response or answer. Otherwise, this Defendant is without sufficient
28  knowledge or information to admit or deny and on that basis denies the allegations.

114.   This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. Otherwise, this Defendant denies the allegations.

115.   This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. Otherwise, this Defendant denies the allegations.

116.   This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. Otherwise, this Defendant denies the allegations.

117.   This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant denies the allegations other than the allegation that Plaintiff brings claims and seeks damages.

118.   This paragraph contains no charging allegations against this Defendant, so it requires no response or answer. In the alternative, this Defendant admits that Plaintiff seeks attorney's fees and costs, but denies that Plaintiff is entitled to them.

RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF – This Defendant denies any liability for the conduct alleged and denies that Plaintiff is entitled to any relief against it.

## AFFIRMATIVE DEFENSES

FIRST DEFENSE

The Complaint fails to state true facts constituting a claim upon which relief may be granted.

SECOND DEFENSE

Defendant is informed and believes, and upon such information and belief alleges, that if in fact Defendant is found to have been liable in any manner, the liability could only be passive and secondary while the negligence of Plaintiff and Mr. Detweiler were active and primary, or intervening and superseding, and thus bars in whole or in part recovery on the Complaint.

**DEFENDANT NRPC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

THIRD DEFENSE

Any and all events and happenings, injuries, loss, damage and expenditure referred to in the Complaint were directly and proximately caused and contributed to in whole or in part by the carelessness, negligence, or other tortious conduct of Plaintiff and Mr. Detweiler, and therefore the extent of loss, damage, or expenditure sustained by Plaintiff, if any, should be reduced in proportion to the amount of negligence or fault attributable to Plaintiff and Mr. Detweiler.

FOURTH DEFENSE

Any and all events and happenings, injuries, loss, damage and expenditure referred to in the Complaint were directly and proximately caused and contributed to in whole or in part by the negligence and fault of persons, firms, corporations or entities other than this Defendant and its employees, and therefore said negligence and fault comparatively reduces the percentage of liability and fault, if any, attributed to Defendant.

FIFTH DEFENSE

Plaintiff failed to mitigate the damages, if any, that Plaintiff alleges she suffered, and failed to exercise reasonable care to avoid the consequences of harms, if any.

SIXTH DEFENSE

The subject matter of Plaintiff's claims, allegations, and causes of action are covered by, and therefore precluded and preempted by, state and federal law and regulations including but not limited to the Commerce Clause of the United States Constitution, the Amtrak Act, the Federal Railroad Safety Act, Locomotive Engineer and Conductor Certification, and the railroad related federal regulations found in Title 49 of the Code of Federal Regulations governing locomotive engineer and conductor training and certification, efficiency and operations testing, crew size and makeup, and Defendant's alleged duties with respect to same.

///

**DEFENDANT NRPC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

SEVENTH DEFENSE

Defendant did not have actual or constructive notice of any condition that would impart knowledge to Amtrak in a sufficient time before the incident within which measures could have been taken to protect against any condition.

EIGHTH DEFENSE

Defendant's liability, if any, for non-economic damages is limited to Defendant's proportionate share of fault, if any, in accordance with Proposition 51 and California Civil Code section 1431.2.

NINTH DEFENSE

At the time and place referred to in the Complaint, and before such event, Plaintiff and Mr. Detweiler knew the risk involved in placing themselves in the position that they then assumed, and knowingly and voluntarily assumed such risk, including, but not limited to, the risk of suffering personal bodily injury and death.

TENTH DEFENSE

Plaintiff's claims, or portions thereof, are barred by the doctrine of judicial estoppel.

ELEVENTH DEFENSE

Amtrak's conductor never used force that went beyond what was reasonably necessary to protect himself, other passengers, and the involved police officer when Mr. Detweiler assaulted him. Mr. Detweiler had a deadly weapon, brass knuckles, and intended to and did use them to assault the conductor. Calling law enforcement to assist with ejecting a passenger who has threatened other passengers and crew members with a deadly weapon, brass knuckles, is reasonable. Attempting to restrain someone who previously threatened passengers and crew members, then unreasonably failed to obey a police officer's commands to leave the train, then failed to obey a police officers' commands to turn around, keep his hands up, then get down on the ground, who then attacked a police officer, then attacked the conductor, is reasonable. Mr. Detweiler was not a minor threat. The conductor never

-19-

used deadly force. The conductor did not initiate the altercation and was not the aggressor – rather, Mr. Detweiler did and was. The conductor reasonably believed he were acting in self-defense and defense of other people. The conductor used no more force than was reasonably necessary to defend himself and other people. The amount of force was justifiable under the circumstances.

TWELFTH DEFENSE

Plaintiff's decedent was adequately warned and the alleged circumstances were not dangerous for reasonably careful people, such that Amtrak had no duty to do anything else and Mr. Detweiler failed to use reasonable care to avoid harm.

THIRTEENTH DEFENSE

Common carriers are not insurers of their passengers' safety. Rather, the degree of care and diligence which they must exercise is only such care that can reasonably be exercised consistent with the character and mode of conveyance adopted and the practical operation of the business of the carrier.

FOURTEENTH DEFENSE

To the extent that Plaintiff seeks punitive damages, Plaintiff's recovery is limited by applicable provisions of the United States Constitution. Any award of punitive damages to Plaintiff in this case would be in violation of the constitutional safeguards provided to Defendant under the Constitution of the United States. Plaintiff's claims for punitive or exemplary damages violate Defendants' right to procedural due process, substantive due process, and protection from "excessive" fines as guaranteed by the Fifth, Fourteenth, and Eighth Amendments to the United States Constitution, respectively, and the Constitution of the State of California.

FIFTEENTH DEFENSE

Plaintiff is not entitled to punitive damages as this Defendant did not act or fail to act in a manner sufficient to give rise to punitive damages liability, did not authorize or ratify any actual wrongful conduct of its employee, if there was any such

wrongful conduct, he was not in a managing agent role, and Amtrak was not personally guilty of any actionable misconduct.

SIXTEENTH DEFENSE

Plaintiff's claims pursuant to 42 U.S.C. § 12131(1) of the Americans with Disabilities Act are barred because they present an undue hardship against this Defendant where providing a reasonable accommodation for persons who behave like Mr. Detweiler behaved would be excessively burdensome because it would result in significant difficulty or expense, considering the size, resources, and nature of the AMTRAK. Making such modifications would fundamentally alter the nature of Amtrak's facilities and accommodations.

SEVENTEENTH DEFENSE

Plaintiff's claims are preempted and precluded by the Amtrak Act, 49 U.S.C. § 24301, because a State may not adopt or continue in force a law, rule, regulation, order, or standard requiring Amtrak to employ a specified number of individuals to perform a particular task, function, or operation, which includes police officers and security guards.

EIGHTEENTH DEFENSE

Plaintiff's claims are preempted and precluded by the Commerce Clause because it would be unduly burdensome on railways to permit differing state regulations regarding assessment of persons with alleged mental impairments, alleged inability to care for themselves, or alleged inability to control their mental health conditions, and to provide on-board train police and security as trains cross state lines.

NINETEENTH DEFENSE

Plaintiff's claims pursuant to 42 U.S.C. § 12131(1) of the Americans with Disabilities Act are barred because Mr. Detweiler presented a direct threat to the health and safety of others and reasonable accommodations for persons with alleged

**DEFENDANT NRPC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

conditions that result in conduct displayed by Mr. Detweiler would present a direct threat to the general public, other passengers, and crew members on trains.

### TWENTIETH DEFENSE

Plaintiff's claims pursuant to 42 U.S.C. § 12131(1) of the Americans with Disabilities Act are barred because Mr. Detweiler was not a qualified individual with a disability.

### TWENTY-FIRST DEFENSE

Plaintiff's claims are barred because AMTRAK, BRUCE GARRETT, the CITY OF MOUNT SHASTA, and JEREMIAH CAPURRO acted in self-defense and defense of others.

### TWENTY-SECOND DEFENSE

Defendant is informed and believes and upon such information and belief alleges that at all times mentioned herein, Plaintiff instituted the proceedings against this Defendant without reasonable cause and without a good faith belief that there was a justifiable controversy, thereby rendering Plaintiff liable for the defense costs incurred by Defendant in the defense of this action as provided by Rule 11 of the Federal Rules of Civil Procedure and similar provisions.

### TWENTY-THIRD DEFENSE

Defendant and everyone to whom Defendant's vicarious liability attaches, if anyone, acted with reasonable care in an emergency situation created by someone else.

### TWENTY-FOURTH DEFENSE

Defendant is informed and believes and upon such information and belief alleges that there may be other defenses of which Defendant presently is unaware or has not alleged, and which Defendant reserves the right to allege in an amended answer and/or at any later point in this litigation, including but not limited to the presentation of evidence and/or closing argument at the time of trial.

///

1 **PRAYER**

2 Wherefore, Defendant requests the following relief:

3    1. That Plaintiff's Complaint be dismissed in its entirety without leave to

4 amend and

5 that Plaintiff take nothing by way of Complaint;

6    2. That Defendants be henceforth dismissed from this matter with prejudice;

7    3. That judgment be entered in favor of Defendants and against Plaintiff;

8    4. That Defendants be awarded attorney's fees and costs of suit; and

9    5. For such other and further relief as the Court deems just and proper.

10 DATED: March 11, 2025              SIMS LAW FIRM, LLP

11

12                                   /s/ *Michael Murphy*
                                     By _____
13                                   Michael Murphy
                                     Attorneys for Defendant NATIONAL
14                                   RAILROAD PASSENGER CORPORATION
                                     service mark AMTRAK

15

16 **<u>DEMAND FOR JURY TRIAL</u>**

17    Defendant NATIONAL RAILROAD PASSENGER CORPORATION

18 service mark AMTRAK hereby demands a jury trial in this matter.

19 DATED: March 11, 2025              SIMS LAW FIRM, LLP

20

21                                   /s/ *Michael Murphy*
                                     By _____
22                                   Michael Murphy
                                     Attorneys for Defendant NATIONAL
23                                   RAILROAD PASSENGER CORPORATION
                                     service mark AMTRAK

24

25

26

27

28

**DEFENDANT NRPC'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

1

## PROOF OF SERVICE
## USDC Case No. 2:24-cv-03100-WBS-SCR

2

3    I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 19712 MacArthur Blvd., Ste. 120, Irvine, CA 92612.

4

5    On March 11, 2025, I served the foregoing documents on the interested parties in this action:

6    **DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION SERVICE MARK AMTRAK'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

7

8

9    [X]    by placing the true copies thereof enclosed in sealed envelopes addressed as listed below:

10    <u>**See Attached Service List**</u>

11    [ ]    **BY MAIL:** I deposited such envelope in the mail at Irvine, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, said correspondence is deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business; and there is delivery service by United States mail at the place so addressed.

12

13

14

15    I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. Executed on March 11, 2025, at Irvine, California.

16

17

18    [ ]    **BY E-MAIL TRANSMISSIO**N: I caused the above document to be emailed to counsel and sent from JMortimore@sms-law.com executed on March 11, 2025, at Irvine, California

19

20    [X]    **BY E-SERVICE:** The undersigned hereby certifies that a true and correct copy of the forgoing document was filed with the Court and served electronically through pursuant to the United States District Court CM/ECF rules to all counsel of record to those registered to receive a Notice of Electronic Filing for this case on March 11, 2025.

21

22

23    [X]    **(Federal):** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  Executed March 11, 2025, at Irvine, California.

24

25    /s/ *Jodie A. Mortimore*

Jodie A. Mortimore

26

27

28

SERVICE LIST
*Detweiler v. NRPC, et al*

Dale K. Galipo, Esq.
Benjamin S. Levine, Esq.
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
(818) 347-3333
(818) 347-4118 - Facsimile
dalegalipo@yahoo.com
blevine@galipolaw.com
Attorneys for Plaintiff JULIA DETWEILER, individually and as successor-in-interest to Nicholas Detweiler, deceased

Derick E. Konz, Esq.
William J. Bittner, Esq.
ANGELO, KILDAY & KILDUFF, LLP
601 University Avenue, Suite 150
Sacramento, CA 95825
(916) 564-6100
(916) 564-6263 - Facsimile
dkonz@akk-law.com
wbittner@akk-law.com
Attorneys for Defendant CITY OF MT. SHASTA AND JEREMIAH CAPURRO