(SPACE BELOW FOR FILING STAMP ONLY)

Stephanie L. Quinn (SBN 216655)
Collin S. McCarthy (SBN 305489)
**QUINN • COVARRUBIAS**
2220 Douglas Boulevard, Suite 240
Roseville, CA 95661
T: (916) 400-2300
F: (916) 400-2311
squinn@quinncova.com
cmccarthy@quinncova.com
eservice@quinncova.com

Attorneys for Defendant
BRUCE GARETT

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA DETWEILER Individually and as successor in interest to NICHOLAS DETWEILER, deceased,<br><br>                    Plaintiff,<br><br>     vs.<br><br>CITY OF MOUNT SHASTA; JEREMIAH CAPURRO;   NATIONAL   RAILROAD PASSENGER   CORPORATION;   BRUCE GARRETT  and DOES 1 through 10, inclusive,<br><br>                    Defendant(s) | **Case No.  2:24-cv-03100-WBS-SCR**<br><br>**DEFENDANT BRUCE GARRETT'S ANSWER TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**<br><br><br>Complaint Filed: November 7, 2024<br>Trial Date: NONE SET |

## ANSWER TO COMPLAINT

COMES NOW Defendant BRUCE GARRETT ("Garrett") and in answer to the Complaint of Plaintiff JULIA DETWEILER, individually and as successor in interest to NICHOLAS DETWEILER, decedent, on file herein, admits, denies, and alleges as follows:

## JURISDICTION AND VENUE

1.     As to Paragraph 1, Garrett admits that this Court has jurisdiction in this matter.

2.     As to Paragraph 2, Garrett admits that venue is proper in this Court.

*///*

QUINN • COVARRUBIAS

**QUINN • COVARRUBIAS**

# INTRODUCTION

3.    As to Paragraph 3, this Paragraph contains no factual allegations and is introductory in nature and therefore requires no response. Garrett denies any unlawful conduct.

4.    As to Paragraph 4, Garrett denies the allegations therein and that any unlawful conduct occurred.

# PARTIES

5.    As to Paragraph 5, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies.

6.    As to Paragraph 6, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 6 contains legal conclusions rather than statements of fact, no response is required.

7.    As to Paragraph 7, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 7 contains legal conclusions rather than statements of fact, no response is required.

8.    As to Paragraph 8, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 7 contains legal conclusions rather than statements of fact, no response is required.

9.    As to the first sentence of Paragraph 9, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. As to the second sentence of Paragraph 9, that sentence contains only legal conclusions rather than statements of fact, no response is required. As to the third sentence of Paragraph 9, Garrett admits the allegations therein.

10.    As to Paragraph 10, Garrett admits the allegations therein.

11.    As to Paragraph 11, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 11 contains legal conclusions rather than statements of fact, no response is required.

12.    As to Paragraph 12, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies.

13.     As to Paragraph 13, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies.

14.     As to Paragraph 14, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies.

15.     As to Paragraph 15, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies.

16.     As to Paragraph 16, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 16 contains legal conclusions rather than statements of fact, no response is required.

17.     As to Paragraph 17, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 17 contains legal conclusions rather than statements of fact, no response is required.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

18.     As to Paragraph 18, Garrett incorporates by reference its responses to Paragraph 1 through 17 above.

19.     As to Paragraph 19, Garrett lacks sufficient knowledge or information regarding whether Nicholas Detweiler was a ticketed passenger at this time and, on that basis, denies. Garrett admits Nicholas Detweiler was on an Amtrak train on December 25, 2023 and that Garrett was working on that train as a conductor. Except as expressly admitted herein, Garrett denies all allegations in Paragraph 19.

20.     As to Paragraph 20, Garrett admits that police officer JEREMIAH CAPURRO boarded the train to respond to the disturbance made by Nicholas Detweiler and Garrett led the police officer to the area where Nicholas Detweiler was seated.

21.     As to Paragraph 21, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies.

22.     As to Paragraph 22, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies.

DEFENDANT BRUCE GARRETT'S ANSWER TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

QUINN • COVARRUBIAS

23.     As to Paragraph 23, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 23 contains legal conclusions rather than statements of fact, no response is required.

24.     As to Paragraph 24, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies.

25.     As to Paragraph 25, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies.

26.     As to Paragraph 26, Garrett denies each and every allegation therein.

27.     As to Paragraph 27, Garrett denies each and every allegation therein.

28.     As to Paragraph 28, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 28 contains legal conclusions rather than statements of fact, no response is required.

29.     As to Paragraph 29, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 29 contains legal conclusions rather than statements of fact, no response is required.

30.     As to Paragraph 30, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 30 contains legal conclusions rather than statements of fact, no response is required.

31.     As to Paragraph 31, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 31 contains legal conclusions rather than statements of fact, no response is required.

32.     As to Paragraph 32, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 32 contains legal conclusions rather than statements of fact, no response is required.

33.     As to Paragraph 33, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 33 contains legal conclusions rather than statements of fact, no response is required.

DEFENDANT BRUCE GARRETT'S ANSWER TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

34.    As to Paragraph 34, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 34 contains legal conclusions rather than statements of fact, no response is required.

35.    As to Paragraph 35, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 35 contains legal conclusions rather than statements of fact, no response is required.

36.    As to Paragraph 36, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 36 contains legal conclusions rather than statements of fact, no response is required.

37.    As to Paragraph 37, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 30 contains legal conclusions rather than statements of fact, no response is required.

38.    As to Paragraph 38, Garrett admits the allegations therein.

39.    As to Paragraph 39, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 39 contains legal conclusions rather than statements of fact, no response is required.

40.    As to Paragraph 40, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 40 contains legal conclusions rather than statements of fact, no response is required.

## **FIRST CLAIM FOR RELIEF**

### **Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)**

**(Plaintiff against Defendants JEREMIAH CAPURRO AND DOES 1-10)**

41.    As to Paragraph 41, Garrett incorporates by reference its responses to Paragraph 1 through 40 above.

42.    As to Paragraph 42, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis,

DEFENDANT BRUCE GARRETT'S ANSWER TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

denies. To the extent Paragraph 42 contains legal conclusions rather than statements of fact, no response is required.

43.     As to Paragraph 43, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 43 contains legal conclusions rather than statements of fact, no response is required.

44.     As to Paragraph 44, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 44 contains legal conclusions rather than statements of fact, no response is required.

45.     As to Paragraph 45, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 45 contains legal conclusions rather than statements of fact, no response is required.

46.     As to Paragraph 46, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 46 contains legal conclusions rather than statements of fact, no response is required.

47.     As to Paragraph 47, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 47 contains legal conclusions rather than statements of fact, no response is required.

DEFENDANT BRUCE GARRETT'S ANSWER TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

48.    As to Paragraph 48, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 48 contains legal conclusions rather than statements of fact, no response is required.

49.    As to Paragraph 49, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 49 contains legal conclusions rather than statements of fact, no response is required.

50.    As to Paragraph 50, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett admits Plaintiff is seeking attorneys' fees and costs under her First Claim for Relief.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment – Unlawful Detention and Arrest (42 U.S.C. § 1983)

#### (Plaintiff against Defendants JEREMIAH CAPURRO AND DOES 1-10)

51.    As to Paragraph 51, Garrett incorporates by reference its responses to Paragraph 1 through 50 above.

52.    As to Paragraph 52, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 52 contains legal conclusions rather than statements of fact, no response is required.

53.    As to Paragraph 53, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 53 contains legal conclusions rather than statements of fact, no response is required.

DEFENDANT BRUCE GARRETT'S ANSWER TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

QUINN • COVARRUBIAS

54.     As to Paragraph 54, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 54 contains legal conclusions rather than statements of fact, no response is required.

55.     As to Paragraph 55, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 55 contains legal conclusions rather than statements of fact, no response is required.

56.     As to Paragraph 56, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 56 contains legal conclusions rather than statements of fact, no response is required.

57.     As to Paragraph 57, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 57 contains legal conclusions rather than statements of fact, no response is required.

58.     As to Paragraph 58, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 58 contains legal conclusions rather than statements of fact, no response is required.

59.     As to Paragraph 59, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis,

DEFENDANT BRUCE GARRETT'S ANSWER TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

denies. To the extent Paragraph 59 contains legal conclusions rather than statements of fact, no response is required.

60.    As to Paragraph 60, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 60 contains legal conclusions rather than statements of fact, no response is required.

61.    As to Paragraph 61, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett admits Plaintiff is seeking attorneys' fees and costs under her Second Claim for Relief.

### THIRD CLAIM FOR RELIEF

**Fourth Amendment – Denial of Medical Care (42 U.S.C. § 1983)**

(Plaintiff against Defendants JEREMIAH CAPURRO AND DOES 1-10)

62.    As to Paragraph 62, Garrett incorporates by reference its responses to Paragraph 1 through 61 above.

63.    As to Paragraph 63, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 63 contains legal conclusions rather than statements of fact, no response is required.

64.    As to Paragraph 64, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 64 contains legal conclusions rather than statements of fact, no response is required.

65.    As to Paragraph 65, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett

DEFENDANT BRUCE GARRETT'S ANSWER TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies.

66.    As to Paragraph 66, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 66 contains legal conclusions rather than statements of fact, no response is required.

67.    As to Paragraph 67, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 67 contains legal conclusions rather than statements of fact, no response is required.

68.    As to Paragraph 68, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 68 contains legal conclusions rather than statements of fact, no response is required.

69.    As to Paragraph 69, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 69 contains legal conclusions rather than statements of fact, no response is required.

70.    As to Paragraph 70, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett admits Plaintiff is seeking attorneys' fees and costs under her Third Claim for Relief.

## FOURTH CLAIM FOR RELIEF

### First and Fourteenth Amendments – Interference with Familial Relationship (42 U.S.C. § 1983)

DEFENDANT BRUCE GARRETT'S ANSWER TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

QUINN • COVARRUBIAS

QUINN • COVARRUBIAS

(Plaintiff against Defendants JEREMIAH CAPURRO AND DOES 1-10)

71.     As to Paragraph 71, Garrett incorporates by reference its responses to Paragraph 1 through 70 above.

72.     As to Paragraph 72, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 72 contains legal conclusions rather than statements of fact, no response is required.

73.     As to Paragraph 73, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 73 contains legal conclusions rather than statements of fact, no response is required.

74.     As to Paragraph 74, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 74 contains legal conclusions rather than statements of fact, no response is required.

75.     As to Paragraph 75, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 75 contains legal conclusions rather than statements of fact, no response is required.

76.     As to Paragraph 76, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 76 contains legal conclusions rather than statements of fact, no response is required.

DEFENDANT BRUCE GARRETT'S ANSWER TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

77.    As to Paragraph 77, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 77 contains legal conclusions rather than statements of fact, no response is required.

78.    As to Paragraph 78, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett admits Plaintiff is seeking wrongful death damages and is claiming funeral and burial expenses under the Fourth Claim for Relief. Except as expressly admitted herein, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 78 contains legal conclusions rather than statements of fact, no response is required.

79.    As to Paragraph 79, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett admits Plaintiff is seeking attorneys' fees and costs under her Fourth Claim for Relief.

## FIFTH CLAIM FOR RELIEF

### Americans with Disabilities Act (42 U.S.C. § 12132)

(Plaintiff against all Defendants)

80.    As to Paragraph 80, Garrett incorporates by reference its responses to Paragraph 1 through 79 above.

81.    As to Paragraph 81, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 81 contains legal conclusions rather than statements of fact, no response is required.

82.    As to Paragraph 82, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 82 contains legal conclusions rather than statements of fact, no response is required.

83.    As to Paragraph 83, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 83 contains legal conclusions rather than statements of fact, no response is required.

DEFENDANT BRUCE GARRETT'S ANSWER TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

QUINN • COVARRUBIAS

84.     As to Paragraph 84, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 84 contains legal conclusions rather than statements of fact, no response is required.

85.     As to Paragraph 85, Garrett denies each and every allegation therein. To the extent Paragraph 85 contains legal conclusions rather than statements of fact, no response is required.

86.     As to Paragraph 86, Garrett denies each and every allegation therein. To the extent Paragraph 86 contains legal conclusions rather than statements of fact, no response is required.

87.     As to Paragraph 87, Garrett denies each and every allegation therein. To the extent Paragraph 87 contains legal conclusions rather than statements of fact, no response is required.

88.     As to Paragraph 88, Garrett admits Plaintiff is seeking both survival and wrongful death damages and is claiming funeral and burial expenses under the Fifth Claim for Relief. Except as expressly admitted herein, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 88 contains legal conclusions rather than statements of fact, no response is required.

89.     As to Paragraph 89, Garrett admits Plaintiff is seeking attorneys' fees and costs under her Fifth Claim for Relief but denies Plaintiff is entitled to said fees and/or costs.

### SIXTH CLAIM FOR RELIEF

**Battery (Cal. Govt. Coe § 820 and California Common Law) (Wrongful Death and Survival)**

(Plaintiff against all Defendants)

90.     As to Paragraph 90, Garrett incorporates by reference its responses to Paragraph 1 through 89 above.

91.     As to Paragraph 91, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 91 contains legal conclusions rather than statements of fact, no response is required.

DEFENDANT BRUCE GARRETT'S ANSWER TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

92.     As to Paragraph 92, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 92 contains legal conclusions rather than statements of fact, no response is required.

93.     As to Paragraph 93, Garrett denies each and every allegation therein. To the extent Paragraph 93 contains legal conclusions rather than statements of fact, no response is required.

94.     As to Paragraph 94, denies he committed any wrongful act(s) or that any wrongful act(s) occurred. As to the remainder of Paragraph 94, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 94 contains legal conclusions rather than statements of fact, no response is required.

95.     As to Paragraph 95, Garrett denies each and every allegation therein. To the extent Paragraph 95 contains legal conclusions rather than statements of fact, no response is required.

96.     As to Paragraph 96, Garrett denies each and every allegation therein. To the extent Paragraph 96 contains legal conclusions rather than statements of fact, no response is required.

97.     As to Paragraph 97, Garrett admits Plaintiff is seeking both survival and wrongful death damages and is claiming funeral and burial expenses under the Sixth Claim for Relief. Except as expressly admitted herein, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 97 contains legal conclusions rather than statements of fact, no response is required.

## SEVENTH CLAIM FOR RELIEF

**Negligence (Cal. Govt. Code § 820 and California Common Law) (Wrongful Death and Survival)**

(Plaintiff against all Defendants)

98.     As to Paragraph 98, Garrett incorporates by reference its responses to Paragraph 1 through 97 above.

99.     As to Paragraph 99, including subsection (a) through (h), Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 99 contains legal conclusions rather than statements of fact, no response is required.

100.     As to Paragraph 100, Garrett denies each and every allegation therein. To the extent Paragraph 100 contains legal conclusions rather than statements of fact, no response is required.

101.     As to Paragraph 101, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 101 contains legal conclusions rather than statements of fact, no response is required.

102.     Garrett denies he committed any wrongful act(s) or that any wrongful act(s) occurred. As to the remainder of Paragraph 102, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 102 contains legal conclusions rather than statements of fact, no response is required.

103.     As to Paragraph 103, Garrett admits Plaintiff is seeking both survival and wrongful death damages and is claiming funeral and burial expenses under the Seventh Claim for Relief. Except as expressly admitted herein, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 103 contains legal conclusions rather than statements of fact, no response is required.

## EIGHTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 52.1)

(Plaintiff against Defendants JEREMIAH CAPURRO, DOES 1-10, and CITY OF MOUNT SHASTA)

104.     As to Paragraph 104, Garrett incorporates by reference its responses to Paragraph 1 through 103 above.

105.     As to Paragraph 105, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a further response is required, Garrett responds that this paragraph contains only legal conclusions, therefore, no response is required. Otherwise, this Defendant admits that Paragraph 105 contains a reasonably accurate characterization of California Civil Code section 52.1.

QUINN • COVARRUBIAS

QUINN • COVARRUBIAS

106.    As to Paragraph 106, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a further response is required, Garrett responds that this paragraph contains only legal conclusions, therefore, no response is required. Otherwise, this Defendant admits that Paragraph 106 contains a reasonably accurate characterization of California Civil Code section 52.1.

107.    As to Paragraph 107, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 107 contains legal conclusions rather than statements of fact, no response is required.

108.    As to Paragraph 108, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 108 contains legal conclusions rather than statements of fact, no response is required.

109.    As to Paragraph 109, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 109 contains legal conclusions rather than statements of fact, no response is required.

110.    As to Paragraph 110, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 110 contains legal conclusions rather than statements of fact, no response is required.

111.    As to Paragraph 111, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, as to the first sentence of Paragraph 111, Garrett denies the allegations therein. As to the remainder of Paragraph 111, Garrett lacks sufficient knowledge or information to admit or deny the allegations

DEFENDANT BRUCE GARRETT'S ANSWER TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

therein and, on that basis, denies. To the extent Paragraph 111 contains legal conclusions rather than statements of fact, no response is required.

112.    As to Paragraph 112, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 112 contains legal conclusions rather than statements of fact, no response is required.

113.    As to Paragraph 113, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 113 contains legal conclusions rather than statements of fact, no response is required.

114.    As to Paragraph 114, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 114 contains legal conclusions rather than statements of fact, no response is required.

115.    As to Paragraph 115, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 115 contains legal conclusions rather than statements of fact, no response is required.

116.    As to Paragraph 116, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 116 contains legal conclusions rather than statements of fact, no response is required.

QUINN • COVARRUBIAS

DEFENDANT BRUCE GARRETT'S ANSWER TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

117.    As to Paragraph 117, Garrett admits Plaintiff is seeking both survival and wrongful death damages and is claiming funeral and burial expenses under the Seventh Claim for Relief. Except as expressly admitted herein, Garrett lacks sufficient knowledge or information to admit or deny the allegations therein and, on that basis, denies. To the extent Paragraph 117 contains legal conclusions rather than statements of fact, no response is required.

118.    As to Paragraph 118, the paragraph contains no charging allegations against this Defendant, therefore, no response or answer is required. To the extent a response is required, Garrett admits Plaintiff is seeking attorneys' fees and costs under her Eighth Claim for Relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state facts constituting a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant is informed and believes, and upon such information and belief alleges, that if in fact Defendant is found to have been liable in any manner, the liability could only be passive and secondary while the negligence of others was active and primary, or intervening and superseding, and thus bars in whole or in part recovery on the Complaint.

### THIRD AFFIRMATIVE DEFENSE

Any and all events and happenings, injuries, loss, damages and expenditure referred to in the Complaint were directly and proximately caused and contributed to in whole or in part by the carelessness, negligence, or other tortious conduct of Plaintiff's decedent, therefore, the extent of loss, damage, or expenditure sustained by Plaintiff, if any, should be reduced in proportion to the amount of said negligence or fault.

### FOURTH AFFIRMATIVE DEFENSE

Any and all events and happenings, injuries, loss, damage and expenditure referred to in the Complaint were directly and proximately caused and contributed to in whole or in part by the negligence and fault of persons, firms, corporations or entities other than this Defendant, therefore, said negligence and fault comparatively reduces the percentage of liability and fault, if any, attributed to this Defendant.

QUINN • COVARRUBIAS

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate the damages, if any, that Plaintiff alleges she is suffering or suffered, and failed to exercise reasonable care to avoid the consequences of harm, if any.

### SIXTH AFFIRMATIVE DEFENSE

The subject matter of Plaintiff's claims, allegations, and causes of action are covered by, and therefore precluded and preempted by, state and federal law and regulations including but not limited to the Commerce Clause of the United States Constitution, the Amtrak Act, the Federal Railroad Safety Act, Locomotive Engineer and Conductor Certification, and the railroad related federal regulations found in Title 49 of the Code of Federal Regulations governing locomotive engineer and conductor training and certification, efficiency and operations testing, crew size and makeup, and Defendant's alleged duties with respect to same.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant's liability, if any, for non-economic damages is limited to Defendant's proportionate share of fault, if any, in accordance with Proposition 51 and California Civil Code section 1431.2.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Amtrak, Garrett, the City of Mt. Shasta, and Jeremiah Capurro acted in self-defense and defense of others.

### NINTH AFFIRMATIVE DEFENSE

At the time and place referred to in the Complaint, and before such event, Plaintiff and Mr. Detweiler knew the risk involved in placing themselves in the position that they then assumed, and knowingly and voluntarily assumed such risk, including, but not limited to, the risk of suffering personal bodily injury and death.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, or portions thereof, are barred by the doctrine of estoppel.

///

///

///

DEFENDANT BRUCE GARRETT'S ANSWER TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant never used force that went beyond what was reasonably necessary to protect himself, other passengers, and the involved police officer when Mr. Detweiler assaulted him. Mr. Detweiler had a deadly weapon, brass knuckles, and intended to and did use them to assault Garrett.

### TWELFTH AFFIRMATIVE DEFENSE

The Decedent was adequately warned, and the alleged circumstances were not dangerous for reasonably careful people, such that Garrett had no duty to do anything else in the circumstances. Decedent Mr. Detweiler failed to use reasonable care to avoid harm.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks punitive damages, Plaintiff's recovery is limited by applicable provisions of the United States Constitution. Any award of punitive damages to Plaintiff in this case would be in violation of the constitutional safeguards provided to Defendant under the Constitution of the United States. Plaintiff's claims for punitive or exemplary damages violate Defendants' right to procedural due process, substantive due process, and protection from "excessive" fines as guaranteed by the Fifth, Fourteenth, and Eighth Amendments to the United States Constitution, respectively, and the Constitution of the State of California.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages as this Defendant did not act or fail to act in a manner sufficient to give rise to punitive damages liability.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted and precluded by the Commerce Clause because it would be unduly burdensome on railways to permit differing state regulations regarding assessment of persons with alleged mental impairments, alleged inability to care for themselves, or alleged inability to control their mental health conditions, and to provide on-board train police and security as trains cross state lines.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant acted with reasonable care in an emergency situation created by someone else.

///

DEFENDANT BRUCE GARRETT'S ANSWER TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Quinn • Covarrubias

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each alleged cause of action therein contained, is barred by the applicable statute of limitations.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that the Decedent was the sole cause of the injuries and damages, if any, sustained.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant alleges that the conduct of the Decedent and/or a third party was an unforeseeable intervening and independent act that is a superseding cause of any harm suffered by the Decedent and Plaintiff.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant is informed and believes and upon such information and belief alleges that there may be other defenses of which Defendant presently is unaware or has not alleged, and which Defendant reserves the right to allege in an amended answer and/or at any later point in this litigation, including but not limited to the presentation of evidence and/or closing argument at the time of trial.

### PRAYER

Wherefore, Defendant Garrett requests the following relief:

1. That Plaintiff's Complaint be dismissed in its entirety without leave to amend and that Plaintiff take nothing by way of Complaint

2. That Defendant be henceforth dismissed from this matter with prejudice;

3. That judgment be entered in favor of Defendant and against Plaintiff;

4. That Defendant be awarded attorney's fees and costs of suit; and

5. For such other and further relief as the Court deems just and proper.

///

///

///

### DEMAND FOR JURY TRIAL

**TO ALL PARTIES AND THEIR ATTORNEY(S) OF RECORD:**

Demand is hereby made by Defendant BRUCE GARRETT for trial by jury in the above-entitled action.

DATED: April 7, 2025                                   QUINN • COVARRUBIAS

By: _____
STEPHANIE L. QUINN
COLLIN S. MCCARTHY
Attorneys for Defendant
BRUCE GARRETT

DEFENDANT BRUCE GARRETT'S ANSWER TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

*Detweiler v. City of Mount Shasta et al*
Case No. 24-cv-03100

# DECLARATION OF SERVICE

I, Leonel Arroyo, declare as follows:

I am employed in the County of Placer, State of California; I am over the age of 18 years and not a party to this action; my business address is 2220 Douglas Boulevard, Suite 240, Roseville, CA 95661, in said County and State.  On April 7, 2025 I served:

**1.  DEFENDANT BRUCE GARRETT'S ANSWER TO COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL.**

**2.  DEFENDANT BRUCE GARRETT'S CERTIFICATION AND NOTICE OF INTEREST PARTIES.**

on the following person(s) at the following address(es), in the manner indicated below:

## SEE ATTACHED SERVICE LIST

☒    **(BY THE COURT'S CM/ECF SYSTEM)**
Pursuant to Local Rule, I electronically filed the document(s) with the Clerk of the Court using the CM/ECF System, which sent notification of that filing to the parties as registered.

I certify under penalty of perjury that the foregoing is true and correct, and this declaration of service was executed on April 7, 2025, at Roseville, California.

By: *Leonel Arroyo*
    Leonel Arroyo

---

**- 1 -**

**PROOF OF SERVICE**