**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiff Julia Detweiler*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA DETWEILER, individually and as successor-in-interest to Nicholas Detweiler, deceased,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MOUNT SHASTA; JEREMIAH CAPURRO; NATIONAL RAILROAD PASSENGER CORPORATION; BRUCE GARRETT; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-03100-WBS-SCR<br><br>*Hon. William B. Shubb*<br><br>**JOINT RULE 26(f) REPORT**<br><br><u>Scheduling Conference:</u><br>Date:   May 5, 2025<br>Time:   1:30 p.m.<br>Crtrm:  5 |

**TO THE HONORABLE COURT:**

Plaintiff JULIA DETWEILER, individually and as successor in interest to decedent, Nicholas Detweiler ("Plaintiff"), and Defendants CITY OF MOUNT SHASTA, JEREMIAH CAPURRO, NATIONAL RAILROAD PASSENGER CORPORATION, and BRUCE GARRETT ("Defendants") (collectively "the Parties"), hereby submit this Joint Status Report pursuant to the Court's January 7, 2025, Order re: Status (Pretrial Scheduling) Conference.

Counsel for all parties to this action have conferred together with counsel for the parties to the related action, *Bruce Garrett v. City of Mount Shasta, et al.*, No. 2:25-cv-00420-WBS-SCR, which has been related to this action by order of the Court. [Dkt. 15.] The related *Garrett* action is currently set for a Status (Pretrial Scheduling) Conference on August 11, 2025. [No. 2:25-cv-00420, Dkt. 10.] It is the intent of all parties to both actions to coordinate discovery between the two actions, and for the discovery schedule the Court will set—based on the schedule proposed in this Report—to govern both actions.

**(a)    Plaintiff Julia Detweiler's Summary of Claims**

This case arises out of the fatal shooting of Nicholas Detweiler aboard an Amtrak train on December 25, 2023. Defendant and City of Mount Shasta police officer Jeremiah Capurro responded to a call regarding a passenger disturbance and boarded the train with Defendant Bruce Garrett, an Amtrak employee. Defendant Garrett led Defendant Capurro to the train car in which Mr. Detweiler was seated, where Defendant Capurro woke Mr. Detweiler and directed him to raise his hands and exit the train. An altercation ensued during which Defendant Capurro used less-lethal weapons against Mr. Detweiler and Defendant Garrett grabbed Mr. Detweiler from behind, before Defendant Capurro fired several gunshots, striking Mr. Detweiler and Defendant Garrett. Mr. Detweiler sustained multiple gunshot wounds and died from his injuries.

The plaintiff is Mr. Detweiler's mother, Julia Detweiler. The named

defendants are the City of Mount Shasta, Jeremiah Capurro, National Railroad Passenger Corporation (d/b/a Amtrak), and Bruce Garrett. Plaintiff contends that Defendant Capurro used excessive and unreasonable force against Mr. Detweiler, including deadly force, that resulted in his injuries and ultimately his death, which violated his and Plaintiff's constitutional rights (Fourth Amendment, Excessive force (42 U.S.C. § 1983); First and Fourteenth Amendments, Interference with Familial Relationship (42 U.S.C. § 1983); Battery (Wrongful Death and Survival); Violation of Tom Bane Act, Cal. Civil Code § 52.1), and that Defendant Capurro failed to timely provide or secure the provision of medical care to Mr. Detweiler after the shooting (Fourth Amendment, Denial of Medical Care (42 U.S.C. § 1983)). Plaintiff further contends that Defendant Garrett committed a battery against Mr. Detweiler prior to the use of deadly force. Plaintiff further contends that Defendant Capurro did not have reasonable suspicion or probable cause to detain or arrest Mr. Detweiler (Fourth Amendment, Unlawful Detention and Arrest (42 U.S.C. § 1983)). Plaintiff further contends that Defendant Capurro was negligent in his conduct toward Mr. Detweiler, including his pre-shooting tactics, use of force, and use of deadly force. Plaintiff seeks damages, attorney fees, and costs as permitted by law.

Defendants deny liability and assert numerous affirmative defenses.

**Defendants City of Mount Shasta and Jeremiach Capurro's Summary of Claims**

Body-warn camera footage captured the incident and the events leading up to the incident. During the incident, Defendant Capurro discharged his firearm and struck both Garrett and Detweiler. Defendants deny engaging in unlawful conduct.

**Defendant National Railroad Passenger Corporation, service mark Amtrak's Summary of Claims**

A body-warn camera captured the incident and the events leading up to the

incident. The decedent Detweiler brandished brass knuckles,[1] a deadly weapon and a felony, three separate times on board the train to two different passengers and then to Assistant Conductor Bruce Garrett. There were approximately 170 passengers and other crewmembers on board the train whose safety was endangered by the decedent Detweiler's menacing conduct. The train crew asked for police assistance as they were trained to do, and which also comports with common sense. City of Mount Shasta police officer Jeremiah Capurro took over when the train pulled up to a grade crossing to let him on to remove decedent Detweiler from the train with his brass knuckles. Assistant Conductor Bruce Garrett is shown on the police officer's body worn video walking past the decedent Detweiler, pointing him out to the police officer, and staying in the vestibule approximately 15 feet away from the interaction between Detweiler and the police officer at first. Only after decedent Detweiler failed to obey repeated commands from the police officer, then grabbed the police officer's taser, and continued to physically struggle with the police officer, Assistant Conductor Garrett attempted to restrain Detweiler in the defense of other passengers and the police officer, which is an affirmative defense to battery based on Civil Code section 50 and CACI 1304. Assistant Conductor Garrett attempted to keep Detweiler at bay while the police officer ordered Detweiler to get on the ground. Detweiler removed a glove from his right hand and put brass knuckles on again, for the fourth time on the train. Then Detweiler turned to hit the conductor with the brass knuckles and the police officer fired multiple shots, striking Detweiler and the assistant

---

[1] Brass knuckles are metal objects worn around a hand to increase the power and destructive ability of a punch. Decedent Detweiler's brass knuckles were shaped to fit around his clenched fist. The force from a punch by an individual using brass knuckles is very dangerous and can be lethal. Brass knuckles are prohibited in California under Penal Code section 21810, which states that it is a criminal offense to manufacture, sell, or possess them, and brandishing and using them constitutes a felony. Brass knuckles are also prohibited in California based on California Penal Code section 16590.

conductor. The police officer reportedly suffered a moderate brain concussion and facial injuries due to blunt force trauma that Detweiler inflicted on him before the shooting.

### (b) Status of Service on Defendants

All named defendants have been timely served or have timely executed waivers of service.

### (c) Possible Joinder of Additional Parties

Plaintiff Julia Detweiler intends to amend the Complaint to name additional involved individuals currently identified in the complaint as Doe defendants, if additional individuals who may have liability are identified during discovery.

Defendant Amtrak believes that the Decedent's biological father Douglas Bruce Detweiler may need to be joined as a nominal defendant because he is not named as a plaintiff in the Complaint.

### (d) Contemplated Amendments to Pleadings

Plaintiff Julia Detweiler intends to amend the Complaint to name additional involved individuals currently identified in the complaint as Doe defendants, if additional individuals who may have liability are identified during discovery.

Defendant Amtrak is evaluating whether it may need to file a defensive cross-claim against Defendants the City of Mt. Shasta and Jeremiah Capurro for indemnity and declaratory relief.

### (e) Statutory Basis of Jurisdiction and Venue

This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff Julia Detweiler asserts claims arising under the laws of the United States, including 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff Julia Detweiler's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of

the United States Constitution.

Venue is proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred in this district, and at least some defendants reside in this district.

**(f)** **Proposed Discovery Plan**

The parties do not propose any changes to the timing, form, or requirement for disclosures under Rule 26(a)(1). The parties will exchange initial disclosures on or by May 8, 2025.

Plaintiff Julia Detweiler anticipates taking the deposition upon oral examination of the involved individual defendants, additional officers who responded to the scene after the shooting, medical personnel, percipient witnesses, and Defendants' expert witnesses. The additional officers, medical personnel, and percipient witnesses have not yet been identified, and experts have not yet been disclosed.

Plaintiff Julia Detweiler anticipates serving written interrogatories, requests for admission, and requests for production of documents on the issues of liability.

Defendant Amtrak anticipates taking depositions of Plaintiff, decedent's acquaintances, decedent's biological father Douglas Bruce Detweiler and his spouse Karen Detweiler, the involved individual defendants, additional officers who responded to the scene after the shooting, Siskiyou County Sheriff's Department and deputies who responded immediately and rendered attempted lifesaving measures, other emergency responders to be identified, Department of Justice investigators, medical personnel who responded to the incident scene, and who treated Officer Capurro for a head injury resulting from a blow to the head by the decedent, and who treated the train's conductor Bruce Garrett for his injuries, percipient witnesses including the passengers and other crew members on the train that the decedent menaced with his brass knuckles, and Plaintiff's expert witnesses, along with percipient witnesses, law enforcement and others involved in the decedent's prior

arrests and incidents in a July of 2010 assault and battery in Illinois, and the decedent's January of 2018 robbery, brandishing of deadly weapons, threatening to kill neighbors with an ax and gasoline, threatening to cut off his neighbor's head, scalp her children, and kill her husband, robbery, and prior assaults on law enforcement officers. The additional officers, medical personnel, and percipient witnesses have not yet been identified, and experts have not yet been disclosed.

Amtrak anticipates serving subpoenas for the California Department of Justice investigation Case No. BI-DU2023-00015 with recorded interviews of those involved and all of the DOJ's investigation material, demands for production and subpoenas for the body worn video of investigating officers, responding sheriff's deputies, and Officer Capurro, subpoenas for police and sheriff reports, dispatcher tapes, photos, videos, and other evidentiary material, coroner's reports and toxicology records for Detweiler, subpoenas related to the decedent's prior criminal activity, and discovery to Plaintiff including written interrogatories, requests for admission, and requests for production of documents and things on liability and damages issues.

The Parties do not see any issues regarding electronically stored information pursuant to Rule 26(f)(3)(C) in this case. The Parties agree that documents maintained in electronic format may be produced in hard copy format.

**(g)     Proposed Discovery Cut-Off Date**

The Parties propose that discovery be conducted in two phases: fact discovery and expert discovery. The Parties proposed a fact discovery cut-off date of <u>April 17, 2026</u>. The Parties propose an initial disclosure of experts and information pursuant to Rule 16(a)(2) date of <u>June 19, 2026</u>, and a disclosure of rebuttal experts and related information date of <u>July 10, 2026</u>. The Parties propose a cut-off date of <u>August 7, 2026</u>, by which expert discovery shall be concluded.

Defendants City of Mount Shasta and Jeremiah Capurro propose the following schedule after fact discovery cut-off: initial disclosure of experts and information

pursuant to Rule 16(a)(2) date of July 17, 2026; a disclosure of rebuttal experts and related information date of <u>September 11, 2026</u>; and a cut-off date of <u>October 9, 2026</u>, by which expert discovery shall be concluded.

**(h)    Proposed Motion Cut-Off Date**

The Parties propose deadline of <u>September 11, 2026</u>, for the filing and hearing of dispositive motions.

Defendants City of Mount Shasta and Jeremiah Capurro propose a deadline of November 6, 2026.

**(i)    Proposed Modifications to Standard Pretrial Proceedings**

The Parties do not propose any modifications to the standard pretrial proceedings other than that Defendant Amtrak requests a reasonable number of additional special interrogatories to Plaintiff concerning liability and damages due to the numerous allegations in the complaint and the scope of recoverable damage in wrongful death actions.

Plaintiff Julia Detweiler opposes a grant of leave to exceed the number of interrogatories allowed by the Federal Rules of Civil Procedure.

**(j)    Trial Estimate**

The Parties estimate 5-7 court days for trial, unless the related action is consolidated for trial. At this time, the Parties have not agreed to consolidate the two actions for trial, but will continue to evaluate that possibility as discovery proceeds and will file a stipulation if an agreement to consolidate the cases for trial is reached.

**(k)    Related Cases**

This case is related to the case *Bruce Garrett v. City of Mount Shasta, et al.*, No. 2:25-cv-00420-DAD-CKD. The Court ordered both cases related on February 9, 2025. Through this Report, the attorneys for all parties in the related cases seek this Court's order coordinating discovery, and will file a stipulation to that effect if requested by the Court.

**(l)   Other Matters (L.R. 240)**

None applicable.

**(m)   Statement by Nongovernmental Corporate Party**

Defendant National Passenger Railroad Corporation service mark AMTRAK is a District of Columbia corporation that was authorized to be created by the Rail Passenger Service Act, 49 U.S.C. §24101 et seq. Amtrak has no parent corporation. It has three wholly owned subsidiaries: Passenger Railroad Insurance Limited (PRIL), Washington Terminal Company (WTC), and NERI PCC, Inc. (NERI). The United States holds, through the U.S. Secretary of Transportation, 100% of Amtrak's preferred stock (109,396,994 shares at $100 par value). Amtrak's common stock (9,385,694 shares at $10 par value) is held by American Premier Underwriters, Inc. (55.8%; a wholly owned, not publicly traded, subsidiary of American Financial Group, Inc., which is publicly traded), Burlington Northern and Santa Fe LLC (35.7%; BNSF LLC is a wholly owned, not publicly traded, subsidiary of Berkshire Hathaway, which is publicly traded), Canadian Pacific Railway (6.3%), and Canadian National Railway (2.2%). None of Amtrak's stock is publicly traded.

**(n)   Parties' Preference Regarding Appearance at Status Conference**

The Parties are satisfied with having the Court issue a Status (Pretrial Scheduling) Order based on their Joint Status Report, unless the Court has questions for counsel.

/ / /

/ / /

/ / /

/ / /

Respectfully submitted,

Dated: April 18, 2025     **LAW OFFICES OF DALE K. GALIPO**

By   /s/ Benjamin S. Levine
   DALE K. GALIPO
   BENJAMIN S. LEVINE
   *Attorneys for Plaintiff Julia Detweiler*

Dated: April 18, 2025     **ANGELO, KILDAY & KILDUFF, LLP**

By   /s/ Matthew B. Grace (as authorized 4/18)
   DERICK E. KONZ
   WILLIAM J. BITTNER
   MATTHEW B. GRACE
   *Attorneys for Defendants City of Mount Shasta and Jeremiah Capurro*

Dated: April 18, 2025     **SIMS LAW FIRM, LLP**

By   /s/ Michael E. Murphy (as authorized 4/18)
   MICHAEL E. MURPHY
   *Attorney for Defendant National Railroad Passenger Corporation*

Dated: April 18, 2025     **QUINN COVARRUBIAS**

By   /s/ Collin S. McCarthy (as authorized 4/18)
   STEPHANIE L. QUINN
   COLLIN S. MCCARTHY
   *Attorneys for Defendant Bruce Garrett*

/ / /

/ / /

| | |
|---|---|
| Dated: April 18, 2025 | **HILDEBRAND, MCLEOD & NELSON LLP**<br><br>By  */s/ Charles S. Bracewell* (as authorized 4/17)<br>ANTHONY S. PETRU<br>CHARLES S. BRACEWELL<br>JESSICA L. DANIELSKI<br>*Attorneys for Plaintiff Bruce Garrett (Case No. 2:25-cv-00420-WBS-SCR)* |
| Dated: April 18, 2025 | **CASTILLO, MORIARTY & ROBINSON**<br><br>By  */s/ Alexei Offill-Klein* (as authorized 4/18)<br>VINCE CASTILLO<br>ALEXEI OFFILL-KLEIN<br>*Attorneys for Defendant National Railroad Passenger Corporation (Case No. 2:25-cv-00420-WBS-SCR)* |