STEPHANIE L. QUINN (SBN 216655)
COLLIN S. MCCARTHY (SBN 305489)
**QUINN • COVARRUBIAS**
2220 Douglas Boulevard, Suite 240
Roseville, CA 95661
T: (916) 400-2300
F: (916) 400-2311
squinn@quinncova.com
cmccarthy@quinncova.com
service@quinncova.com

Attorneys for Defendant
BRUCE GARETT

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| JULIA DETWEILER, individually and as successor-in-interest to Nicholas Detweiler, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF MOUNT SHASTA; JEREMIAH CAPURRO; NATIONAL RAILROAD PASSENGER CORPORATION; BRUCE GARRETT; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 2:24-cv-03100-WBS-SCR<br><br>**DEFENDANT BRUCE GARRETT'S RULE 26 INITIAL DISCLOSURES**<br><br><br><br>Complaint Filed: November 07, 2024<br>Trial Date:         March 9, 2027 |
|---|---|

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(a)(1), Defendant BRUCE GARRETT (hereinafter "Defendant"), by and through the undersigned counsel, provides the following Initial Disclosures. Defendant will supplement this disclosure as further relevant, discoverable information becomes available. Defendant reserves the right to make expert disclosures and pretrial disclosures pursuant to the provisions of FRCP 26(a)(2)(A) and 26(a)(3) as well as rebuttal/impeachment witnesses and documents.

The following disclosures are based on information reasonably available to Defendant as of the date of service. By making these disclosures, Defendant does not represent that every document, tangible thing, or witness possibly relevant to this lawsuit is identified herein. Rather,

Defendant has made a good faith effort to identify information and documents subject to the disclosure requirements of Rule 26(a)(1).

These disclosures are made without in any way waiving: (1) the right to object on the ground of competency, privilege, relevancy and materiality, undue burden, hearsay, or any other proper ground; (2) the right to object to the use of any such information for any purpose, in whole or in part, at any subsequent stage or proceeding in this or any other action; and (3) the right to object on any and all grounds, at any time, to any other discovery proceeding involving or relating to the subject matter of these disclosures.

A.  **IDENTITY OF WITNESSES**

The following individuals are likely to have discoverable information that the Defendant may use to support its defenses:

1. *City of Mount Shasta Police Department*. Address: 303 North Mount Shasta Blvd., Mt. Shasta, CA 96067. Defendant anticipates the Mount Shasta Police Department has information regarding the December 25, 2023 incident at issue in this lawsuit, including but not limited to witness statements, relevant personnel records, and investigation records.

2. *Officer Jeremiah Capurro, City of Mount Shasta Police Department*. Officer Capurro, a co-defendant in this case, was the responding officer involved in the December 25, 2023 incident at issue in this lawsuit. Defendant anticipates Officer Capurro has knowledge and information of the events and circumstances of the incident in question.

3. *Officer Steven M. Trevers, Amtrak Police Department*. Officer Trevers was the Amtrak Police Department officer responsible for investigating and preparing an investigation/incident report following the incident on December 25, 2023 at issue in this lawsuit. Officer Trevers is believed to have knowledge and information relating to the incident and police investigation.

4. *Officer Charles Nowdesha, Siskiyou County Sheriff's Department*. Defendant understands that the Siskiyou County Sherriff's Department was initially tasked with investigating the incident at issue in this case and Officer Nowdesha has been identified as someone who may possess knowledge and/or information relating to the incident and subsequent investigations.

5. *Siskiyou County Sheriff's Department*. Defendant understands that the County Sherriff's Department was initially tasked with investigating the incident at issue in this case and members of the department may possess knowledge and/or information relating to the incident and subsequent investigations.

6. *Eric Charles McNay, Conductor, Amtrak Train 11*. Mr. McNay was the Conductor of Amtrak train 11(24) at the time of the December 25, 2023 incident at issue in this lawsuit and a witness to the event and circumstances surrounding that incident. Defendant believes Mr. McNay may have firsthand knowledge of the events that occurred on December 25, 2023.

7. *Kyle Malone, Klamath Falls Ticket Agent, Amtrak*. Malone was the Amtrak ticket agent at Klamath Falls Station and observed the decedent Nicholas Detweiler in the station prior to boarding and the incident at issue in this case.

8. *Amtrak train 11 Crew.* All train crew members and cabin personnel with knowledge of the events and circumstances surrounding the incident on December 25, 2023 at issue in this lawsuit. Defendant believes some or all crew members possess knowledge and/or information of the events and circumstances of the incident at issue in this case.

9. *Douglas Bruce Detweiler*. Defendant is informed and believes Mr. Detweiler is the biological father of the decedent Nicholas Detweiler. Defendant believes Mr. Detwiler may have knowledge and/or information relating to Nicholas' Detweiler personal history as well as his physical and mental health.

10. *Karen Detweiler*. Karen Detweiler is the spouse of Douglas Bruce Detweiler, the decedent's biological father. Defendant believes Mrs. Detweiler may have knowledge and/or information relating to Nicholas' Detweiler personal history as well as his physical and mental health.

11. *Plaintiff Julia Detweiler*. Julia Detweiler is the biological mother of Nicholas Detweiler. Defendant believes Mrs. Detweiler may have knowledge and/or information relating to Nicholas' Detweiler personal history as well as his physical and mental health.

12. National Railroad Passenger Corporation or Amtrak employees with knowledge of information related to the incident in question.

13. All passengers aboard Amtrak train 11 on December 25, 2023, at the time of the incident at issue.

14. Mount Shasta EMS/first responders. All emergency responders who responded to the incident on December 25, 2023 and provided emergency treatment to Defendant and/or Officer Jeremiah Capurro.

15. Medical staff at Mercy Medical Center, 2175 Rosaline Ave, Redding, CA 96001.

16. All individuals identified by Plaintiff in his Initial Disclosure

17. All witnesses identified during the course of discovery in this matter.

Defendant reserves the right to supplement this disclosure in accordance with FRCP 26.

## DOCUMENTS

Defendant identifies the following documents which may be relied on or relevant to his defense:

1. Audio Recording of Post-Incident DOJ Interview of Bruce Garrett.

2. Amtrak Police Department Report – Case No.23015207.

Defendant incorporates by reference all documents identified in all Defendants' Initial Disclosures. Defendant reserves the right to supplement this list as additional materials become available during discovery.

## DAMAGE COMPUTATIONS

Not applicable to Defendant in this action.

## INSURANCE AGREEMENTS

The defendant is not aware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnity or reimburse for payments made to satisfy the judgment.

DATED: May 8, 2025                    QUINN • COVARRUBIAS

By: _____
STEPHANIE L. QUINN
COLLIN S. MCCARTHY
Attorneys for Defendant
BRUCE GARETT

<u>Garrett v. City of Mount Shasta et al</u>
United States District Court, Eastern District of California, Case No. 2:25-cv-420

# DECLARATION OF SERVICE

I, Leonel Arroyo, declare as follows:

I am employed in the County of Placer, State of California; I am over the age of 18 years and not a party to this action; my business address is 2220 Douglas Boulevard, Suite 240, Roseville, CA 95661, in said County and State. On May 8, 2025 I served:

**1. DEFENDANT BRUCE GARRETT'S RULE 26 INITIAL DISCLOSURES**

on the following person(s) at the following address(es), in the manner indicated below:

☒ **(BY THE COURT'S CM/ECF SYSTEM)**
Pursuant to Local Rule, I electronically filed the document(s) with the Clerk of the Court using the CM/ECF System, which sent notification of that filing to the parties as registered.

I certify under penalty of perjury that the foregoing is true and correct, and this declaration of service was executed on May 8, 2025, at Roseville, California.

By: *Leonel Arroyo*
　　Leonel Arroyo

<u>Garrett v. City of Mount Shasta et al</u>
United States District Court, Eastern District of California, Case No. 2:25-cv-420

## SERVICE LIST

| | |
|---|---|
| Dale K. Galipo<br>Benjamin Levine<br>**LAW OFFICES OF DALE K. GALIPO**<br>21800 Burbank Blvd. Suite 310<br>Woodland Hills, CA 91367<br>T: 818-347-3333<br>dalekgalipo@yahoo.com<br>blevine@galipolaw.com<br>Santiago Laurel<br>slaurel@galipolaw.com<br>dalegalipo@yahoo.com<br><br>Attorneys for Plaintiff<br>**JULIA DETWEILER Individually and as successor-in-interest to NICHOLAS DETWEILER, deceased** | Derick E. Konz<br>William J. Bittner<br>Matthew B. Grace<br>**ANGELO, KILDAY & KILDUFF, LLP**<br>601 University Avenue, Suite 150<br>Sacramento, CA 95825<br>T: 919-564-6100<br>F: 916-564-6263<br>dkonz@akk-law.com<br>wbittner@akk-law.com<br>mgrace@akk-law.com<br>Sarah E. Kelly<br>skelly@akk-law.com<br><br>Attorneys for Defendant<br>**CITY OF MT. SHASTA and JEREMIAH CAPURRO** |

- 2 -
**PROOF OF SERVICE**