October 23, 2025

**Via ECF**
Hon. Sean C. Riordan, United States Magistrate Judge
Robert T. Matsui United States Courthouse
501 I Street, Sacramento, CA 95814

Re: **Julia Detweiler v. City of Mount Shasta, et al.**
**Case No. 2:24-cv-03100-WBS-SCR**
**Joint Letter Brief re Discovery Dispute re Third-Party Subpoena**
**Informal Telephonic Discovery Conference: Oct. 27, 2025, 2:30 p.m.**

Dear Judge Riordan:

Pursuant to the Court's order setting a telephonic discovery conference and Your Honor's standing order, Plaintiff Julia Detweiler and Defendants City of Mount Shasta and Jeremiah Capurro ("City Defendants"), the parties to this discovery dispute, respectfully submit this brief.

This is a wrongful death and survival action brought by Plaintiff Julia Detweiler challenging the fatal shooting of her son, Nicholas Detweiler, by Mount Shasta Police Department officer Jeremiah Capurro. Plaintiff asserts claims under 42 U.S.C. § 1983 and California law. *See* Complaint [Dkt. 1]. This discovery dispute concerns a third-party subpoena issued by City Defendants to the Sonoma County Sheriff's Office ("SCSO") on October 14, 2025, of which Plaintiff's counsel received a copy on October 17. The subpoena, attached as Exhibit A, directs SCSO to produce: "**Any and all records, reports, video recordings, including BWC video, arrest or detainee reports notes or incident reports, regardless of dates, concerning: Julia Detweiler DOB: SSN#**." Plaintiff resides in Sonoma County.

*Meet and Confer Efforts*: On October 20, Plaintiff's counsel emailed City Defendants' counsel, contending that the subpoena sought irrelevant records (in part because Plaintiff did not witness the shooting), was overbroad, and infringed on Plaintiff's privacy rights, and asked to meet and confer regarding it and a potential motion to quash. City Defendants' counsel explained that City Defendants believed the records sought may reflect interactions between Plaintiff and police bearing on her relationship with her son. Via further correspondence, counsel agreed to limit the subpoena to exclude potential medical records regarding Plaintiff and to limit the period for records sought to five years prior to the shooting. Plaintiff's counsel asked that it be further limited to records that involve or pertain to Nicholas, given the purpose of the subpoena noted by City Defendants' counsel. Counsel were unable to reach an agreement on this final point, including through a phone call on October 21. Accordingly, Plaintiff now seeks a determination as to whether the subpoena is proper even if limited to five years and excludes Plaintiff's medical records, given that it otherwise seeks "[a]ny and all records … concerning" Plaintiff.

*Plaintiff's Position*: Plaintiff acknowledges that evidence bearing on her relationship with her son may be relevant to certain of her claims for damages. But this does not entitle City Defendants to obtain "[a]ny and all records … concerning" Plaintiff—even from within a five-year period and excluding medical records, but without further limitation—based merely on the

1

{00303232;1}

possibility that such records, if they exist, might contain statements by Plaintiff about her son or might otherwise pertain to him. In seeking a much broader category of records regarding Plaintiff, such a subpoena necessarily calls for records that have nothing to do with her son and are thus irrelevant, rendering it overbroad in violation of F.R.C.P. 26(b)(1)'s requirement that discovery be "proportional to the needs of the case." *See, e.g.*, *Pate v. Pac. Harbor Line, Inc.*, 2023 WL 2629867, at *8 (C.D. Cal. Feb. 6, 2023) ("Because discovery must be both relevant and proportional, the right to discovery, even plainly relevant discovery, is not limitless."). To be clear, Plaintiff would accept the subpoena if further limited to records pertaining to her *and* her son or reflecting statements made by her about him. Plaintiff's counsel's understanding is City Defendants will not agree to this limitation because it could result in inadvertent omission of potential records that bear on Plaintiff's relationship with her son by SCSO. But the tradeoff between obtaining *all* other records regarding Plaintiff versus missing some potential records sought, if such records exist, due to the SCSO's potential failure to fully comply with a limited subpoena, is untenable. *See Freed v. Home Depot U.S.A.*, 2019 WL 183833, at *3 (S.D. Cal. Jan. 14, 2019) ("[A] subpoena is unduly burdensome where it seeks to compel … production of documents regarding topics unrelated to or beyond the scope of the litigation.") (citing *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813-14 (9th Cir. 2003)).

*City Defendants' Position*: Defendants have information that Plaintiff had law enforcement contacts with the Sonoma County Sheriff's Office that bear on her relationship with her son. This includes domestic violence incidents involving Plaintiff, her son, and/or Plaintiff's daughter. It may also include incidents involving Plaintiff where she discusses her son on body-worn camera footage that bear on their familial association. Plaintiff concedes that this may be relevant to her familial association claim and cannot articulate any privacy right. There is a protective order in this case and Defendants have agreed to keep these subpoenaed records confidential pursuant to that protective order. *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995) ("Resolution of a privacy objection or request for a protective order requires a balancing of the need for the information sought against the privacy right asserted.").

Defendants are concerned that limiting the scope of the subpoena to records that involve Plaintiff and her son will result in relevant information being withheld because it is impractical to expect the Sonoma County Sheriff's Office to review every minute of body-worn camera footage to see if Plaintiff discusses her son. Moreover, her son has gone by more than one name and Defendants are concerned that it is impractical to expect the Sonoma County Sheriff's Office to comb through all records involving Plaintiff and more than one name for her son. The more practical and fair approach is to allow defense counsel to review the reports and footage to find out whether Plaintiff makes such comments about her son and to understand the nature of the law enforcement contacts should they bear on the familial association claim.

Defendant has recently discovered that there is at least one incident dating back to 2018. Defendants will agree to limit the subpoena to 7 years prior to the incident and exclude any medical records.

Counsel appreciate Your Honor's attention and look forward to next week's conference.

/ / /

{00303232;1}

Respectfully submitted,

| LAW OFFICES OF DALE K. GALIPO | ANGELO, KILDAY & KILDUFF, LLP |
|---|---|
| By: */s/ Benjamin S. Levine*<br>Benjamin S. Levine<br>*Attorney for Plaintiff* | By: */s/ Derick E. Konz* (as authorized 10/23)<br>Derick E. Konz<br>*Attorney for Defendants City of Mount Shasta and Jeremiah Capurro* |