August 24, 2026

**Via ECF**

Hon. Sean C. Riordan, United States Magistrate Judge
Robert T. Matsui United States Courthouse
501 I Street, Sacramento, CA 95814

**Re: Julia Detweiler v. City of Mount Shasta, et al. (Case No.: 2:24-cv-03100-WBS-SCR)**
**Joint Letter Brief re Discovery Dispute re Third-Party Medical Subpoenas**
**Informal Discovery Conference: August 26, 2026**

Dear Judge Riordan:

Pursuant to the Court's order setting an informal discovery conference and Your Honor's standing order, Plaintiff Julia Detweiler and Defendants City of Mount Shasta, Jeremiah Capurro, National Railroad Passenger Corporation, and Bruce Garrett respectfully submit this joint letter brief. This wrongful-death and survival action arises from the death of Nicholas Detweiler on December 25, 2023. The present dispute concerns subpoenas served on Santa Rosa Community Health and Drs. Laura McDonald, Susan Dedmore, and Anthony Soria for Plaintiff's medical records. True and correct copies of the subpoenas and Plaintiff's objections are attached as Exhibits 1 through 8.

*Meet and Confer Efforts:* Plaintiff objected that the subpoenas invade her medical privacy and seek privileged information because she has not pleaded physical injury or extreme emotional distress. Defendants responded that Plaintiff identified these providers in discovery as treating incident-related conditions and later testified that she discussed Nicholas's death with Dr. Dedmore. Defendants offered to narrow the subpoenas to records concerning conditions Plaintiff contends arose from Nicholas's death. Plaintiff rejected that proposal. The parties remain unable to agree.

*Plaintiff's Position:* Plaintiff contends the subpoenas should be quashed. She has not alleged physical harm, severe emotional distress, or a stand-alone emotional-distress claim. In Plaintiff's view, answering Defendants' discovery and deposition questions about medical providers did not place her medical condition at issue or waive physician-patient, psychotherapist-patient, privacy, HIPAA, or related protections, and Defendants cannot themselves cause her medical condition to be at issue by imposing questions that she could not refuse to answer. Plaintiff maintains that the subpoenas remain overbroad and exceed the scope of discovery even as narrowed, and that Defendants' proposals to narrow them will likely not be feasible for the subpoenaed medical providers. Plaintiff requests that the subpoenas be withdrawn or quashed.

*Defendants' Position:* The subpoenas target providers Plaintiff herself identified as responsive to a request for incident-related treatment. City Interrogatory No. 5 asked Plaintiff to identify "every medical provider that you treated with for any INCIDENT-related injury and the approximate date(s) of treatment, including but not limited to psychological or counseling treatment." After asserting privacy, privilege, HIPAA, burden, and proportionality objections, Plaintiff answered: "Dr. Laura McDonald, Santa Rosa Community Health; Dr. Susan Dedmore, Santa Rosa Community Health; Dr. Anthony Soria, Santa Rosa Community Health." (Pl.'s Resps. to City Interrogs., Set One, No. 5, at 5:22-6:17.) Plaintiff gave no dates, conditions, or explanation whether the treatment was physical, psychological, grief-related, or counseling-related.

Plaintiff's deposition independently confirms the relevance of Plaintiff's medical records. When asked whether she had sought mental-health treatment or professional counseling because of her son's death, Plaintiff answered, "I talk to my doctors about it," and identified "Susan Dedmore," her

primary-care physician. (Detweiler Dep. 144:3-145:10.) Plaintiff then testified: "I went through quite a shock with my son. And because of that, I turned diabetic almost instantly." (Id. at 144:22-145:2.) Although Plaintiff testified she did not accept a referral for mental-health care, her testimony connects her consultation with Dr. Dedmore, the emotional effect of Nicholas's death, and an asserted physical consequence.

The records are also proportional to the damages claimed. Plaintiff seeks "in excess of $10 million" for the loss of Nicholas's "love, companionship, comfort, care, assistance, protection, affection, society, moral support, and guidance." (Pl.'s Resps. to City Interrogs., Set One, No. 3, at 4:2-5:4.) She also testified that after she became sick and fell down a staircase, "Nick was home and always there for me." (Detweiler Dep. 167:9-13; 238:16-240:5.) Defendants are entitled to test whether Plaintiff received treatment she identified as incident-related, whether she attributed medical consequences to the death, and whether a medical condition supports any claimed loss of Nicholas's care or assistance.

Although Defendants' subpoenas are not time-limited as written, they propose limiting production to: (1) records reflecting treatment, symptoms, diagnoses, or counseling that Plaintiff or her providers attributed to Nicholas's death; and (2) records concerning the claimed onset of diabetes or other physical conditions Plaintiff attributed to the shock of his death. Production may be designated confidential under the protective order. The records are discoverable because they arise directly from Plaintiff's response to Interrogatory No. 5 and her deposition testimony.

*Relief Requested:* Plaintiff requests that the subpoenas be withdrawn or quashed. Defendants request that the subpoenas be enforced as narrowed above, subject to the protective order, and that Plaintiff execute authorizations limited to the same subjects.

Counsel appreciate Your Honor's attention and look forward to the conference.

Respectfully submitted,

**LAW OFFICES OF DALE K. GALIPO**

By: /s/ Benjamin S. Levine
Benjamin S. Levine
*Attorney for Plaintiff Julia Detweiler*

**SIMS LAW FIRM, LLP**

By: /s/ Michael E. Murphy
Michael E. Murphy
*Attorney for Defendant National Railroad Passenger Corporation*

**ANGELO, KILDAY & KILDUFF, LLP**

By: /s/ Derick E. Konz (as authorized)
Derick E. Konz
*Attorney for Defendants City of Mount Shasta and Jeremiah Capurro*